THE STATE EX REL. HILL, APPELLANT, *v.* NIEHAUS, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507.]

(No. 93–1187—Submitted January 11, 1994—Decided March 23, 1994.)

*H. Fred Hoefle, Kenneth J. Koenig* and *Chuck Stidham,* for appellant.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellees.

---

*Per Curiam.*  The court of appeals did not err in dismissing Hill's mandamus and prohibition complaint.  The trial court has authority to resolve disputes and correct factual errors in a trial record, including disputes over when a verdict form was filed or the effect of a document's being filed late.  See *State v. Schiebel* (1990), 55 Ohio St.3d 71, 81, 564 N.E.2d 54, 66; *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 222, 18 OBR 281, 283, 480 N.E.2d 802, 805.  App.R. 9(E) specifically provides:

"(E) Correction or Modification of the Record.

" * * *  If anything material * * * is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the *trial court,*

*either before or after the record is transmitted* to the court of appeals, \* \* \* may direct that the omission or misstatement be corrected[.]" (Emphasis added.)

Additionally, Hill can secure neither mandamus nor prohibition because he already has an adequate legal remedy to raise those issues in his pending capital case. See R.C. 2731.05; *State v. Martin* (1985), 19 Ohio St.3d 122, 132, 19 OBR 330, 338–339, 483 N.E.2d 1157, 1166; *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 199, 616 N.E.2d 909, 920–921.

We have also stressed the parties' responsibility to correct trial records through App.R. 9(C) and 9(E). See *State v. Tyler* (1990), 50 Ohio St.3d 24, 41, 553 N.E.2d 576, 596; *State v. Brewer* (1990), 48 Ohio St.3d 50, 60, 549 N.E.2d 491, 501–502. As do all counsel, counsel representing criminal defendants have an obligation not to file separate and multiplicitous lawsuits when issues can be addressed in pending litigation. See Civ.R. 11; DR 7–102(A)(1) and (2); *Disciplinary Counsel v. Leyshon* (1994), 68 Ohio St.3d 202, 625 N.E.2d 602; *Disciplinary Counsel v. Cox* (1991), 58 Ohio St.3d 124, 568 N.E.2d 1219; *Stark Cty. Bar Assn. v. Russell* (1990), 52 Ohio St.3d 211, 556 N.E.2d 499.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.