THE STATE EX REL. HESTER, APPELLANT, *v.* CRUSH, JUDGE, APPELLEE.

[Cite as *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563.]

(No. 95–2470—Submitted March 5, 1996—Decided June 5, 1996.)

*Charles Hester,* pro se.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Philip Cummings,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* The General Assembly has said that "[t]he writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of law." R.C. 2731.05. We also have emphasized that mandamus is not available when the relator has a plain and adequate remedy in the ordinary course of the law. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 575 N.E.2d 181; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph three of the syllabus.

In *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 628 N.E.2d 1376, we recognized that neither mandamus nor prohibition is available to criminal defendants to complain about the trial records in their cases because appeal is an adequate remedy. Even though the time for ordinary appeal has expired, a criminal defendant such as Hester can file a motion for leave to appeal his criminal conviction in the court of appeals. See App.R. 5. During a pending appeal from the trial court the criminal defendant may seek modification or correction of the trial court record. See App.R. 1(A), 9(E). Additionally, a criminal defendant who claims that there was such a denial of his constitutional rights as to render his conviction void can petition a common pleas court to vacate or set aside his sentence pursuant to R.C. 2953.21.

Accordingly, we conclude that the relator had an adequate remedy at law and that the court of appeals did not abuse its discretion in dismissing relator's complaint. *State ex rel. Pressley v. Indus. Comm., supra,* at paragraph ten of the syllabus.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur. WRIGHT, J., not participating.