[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 527.]

THE STATE EX REL. HESTER, APPELLANT, *v.* CRUSH, JUDGE, APPELLEE.

[Cites as *State ex rel. Hester v. Crush*, 1996-Ohio-460.]

*Mandamus to compel trial judge to correct docket entries and production of transcripts of pretrial proceedings in relator's criminal case—Complaint dismissed when adequate remedy at law exists.*

(No. 95-2470—Submitted March 5, 1996—Decided June 5, 1996.)

APPEAL from the Court of Appeals for Hamilton County, No. C-950629.

————————————

{¶ 1} In July 1990, the court of appeals affirmed relator Charles Hester's conviction for his wife's murder. *State v. Hester* (July 25, 1990), Hamilton App. No. C-890554, unreported, 1990 WL 103747. This court denied further appeal, case No. 90-1768. In 1995, respondent, Thomas Crush, a Hamilton County common pleas judge, denied Hester's motions relating to the correction of docket entries and the production of transcripts of pretrial proceedings in his criminal case. Hester then filed a complaint for a writ of mandamus in the court of appeals for an order requiring Judge Crush to correct such entries and produce such transcripts. The court of appeals dismissed the complaint. Hester now appeals that dismissal to this court.

————————————

*Charles Hester*, pro se.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip Cummings*, Assistant Prosecuting Attorney, for appellee.

————————————

***Per Curiam.***

{¶ 2} The General Assembly has said that "[t]he writ of mandamus must not be issued when there is plain and adequate remedy in the ordinary course of

law." R. C. 2731.05. We also have emphasized that mandamus is not available when the relator has a plain and adequate remedy in the ordinary course of the law. *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 575 N.E.2d 181; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph three of the syllabus.

{¶ 3} In *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 628 N.E.2d 1376, we recognized that neither mandamus nor prohibition is available to criminal defendants to complain about the trial records in their cases because appeal is an adequate remedy. Even though the time for ordinary appeal has expired, a criminal defendant such as Hester can file a motion for leave to appeal his criminal conviction in the court of appeals. See App.R.5. During a pending appeal from the trial court the criminal defendant may seek modification or correction of the trial court record. See App.R. 1(A), 9(E). Additionally, a criminal defendant who claims that there was such a denial of his constitutional rights as to render his conviction void can petition a common pleas court to vacate or set aside his sentence pursuant to R.C. 2953.21.

{¶ 4} Accordingly, we conclude that the relator had an adequate remedy at law and that the court of appeals did not abuse its discretion in dismissing relator's complaint. *State ex rel. Pressley v. Indus. Comm.*, *supra,* at paragraph ten of the syllabus.

{¶ 5} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., not participating.

_____