Relator is the defendant in State v. Ledger, Cuyahoga County Court of Common Pleas Case No. CR-349736. The court of common pleas granted relator's motion for transcripts, specified which hearings were to be transcribed and ordered the clerk of courts to transmit three transcripts to relator. Relator complains that he has not received a "complete" transcript of all proceedings.
The respondent has filed a motion to dismiss or, in the alternative, for summary judgment and observes that relator has not identified the respondent, "Bill Nelson." (In his brief in opposition to respondent's motion, relator states that "Bill Nelson" is one of the court reporters who recorded the various proceedings in Case No. CR-349736.) Respondent also argues that, if relator intended the respondent to be the trial judge or clerk, the relief which relator requests has been granted because the three transcripts have been sent to relator. Furthermore, respondent argues that there is no clear legal duty to transmit copies of other records.
In State ex rel. Hall v. Watkins (Feb. 19, 1998), Cuyahoga App. No. 72833, unreported, this court denied a prisoner's request to compel a court reporter to send the transcripts and other papers ordered by the trial court in the prisoner-relator's criminal case.
 [Relator] has several available adequate remedies at law which preclude mandamus relief. To the extent that the court reporter may have missed or misunderstood what portions of the record needed to be transcribed, [relator] may petition the trial court to have those portions transcribed; in doing so he should specify what parts of the record have been missed. To the extent that the court reporter has wilfully not fulfilled his obligations, [relator] may file a motion to show cause with the trial court. To the extent that the record for appeal needs to be completed or corrected, he may file an appropriate motion pursuant to App. R. 9(E), when and if he obtains approval for a delayed appeal. State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 484 N.E.2d 1316 and State ex rel. Hester v. Crush (1996), 75 Ohio St.3d 563, 664 N.E.2d 930.
Id. at 3-4. Likewise, relator in this action has these same remedies available to him. As a consequence, relief in mandamus is not appropriate.
Similarly, relator does not set forth any authority for his request that this court compel respondent to send relator "a complete, to date APPEARANCE AND EXECUTION CRIMINAL DOCKET forthwith." Complaint, at 4 (capitalization in original). As was the case in Hall, supra, relator is in prison. In State exrel. Iacovone v. Kaminski (1998), 81 Ohio St.3d 189,690 N.E.2d 4, the Supreme Court affirmed the dismissal of an action in mandamus against a clerk of court. The Supreme Court reiterated its established holding that the respondent clerk did not have a clear legal duty to mail public records to a person in prison. Relator in this case, as well, has not established that respondent has a clear legal duty to mail relator the requested records.
Additionally, we note that relator
 failed to comply with Civil Rule 10(A) which requires that the complaint include the addresses of all the parties. * * * Such a deficiency alone warrants dismissal. State ex rel. Simms v. Sutula
(Aug. 21, 1997), Cuyahoga App. No. 72896, unreported and State ex rel. Calloway v. Cuyahoga County Court of Common Pleas (Aug. 21, 1997), Cuyahoga App. No. 71652, unreported.
State ex rel. Hairston v. Pollutro (July 2, 1998), Cuyahoga App. No. 74685, unreported, at 2. Relator has not included the address of the purported respondent, "Bill Nelson." As a consequence, relief in mandamus is not appropriate in this action as well.
Accordingly, respondent's motion to dismiss or, in the alternative, for summary judgment is granted. Relator to pay costs.
Writ denied.
ANN DYKE, J., CONCURS.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE