[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
 ON MOTIONS
Relator, Ronald Carter, has filed a complaint with this court requesting a writ of mandamus ordering respondent, Ohio Adult Parole Authority, to vacate and set aside its determination that relator be subjected to post-release control ("PRC"), and ordering respondent to immediately release relator from his PRC restrictions and grant him a final and unconditional release. Both parties have filed motions for summary judgment.
Relator was indicted in the Cuyahoga County Court of Common Pleas on one count of receiving stolen property, a fourth degree felony, and entered a guilty plea to the indictment as charged on April 23, 1998. On June 30, 1998, the trial court sentenced relator to a definite term of six months. At the time of his plea and at the time of sentencing, the court did not advise relator that his sentence would include a requirement that he be subject to PRC. Relator served his sentence at Lorain Correctional Institute from July 7, 1998 through December 23, 1998. In August 1998, while serving his term of imprisonment, relator received notice from respondent that he had been assessed a three-year PRC sanction period of basic supervision. Relator's period of PRC began when he was released from imprisonment.
To be entitled to a writ of mandamus, relator must establish a clear legal right to the relief prayed for, a clear legal duty on the respondent's part to provide the relief prayed for, and lack of an adequate remedy at law. State ex rel. Hodgesv. Taft (1992), 64 Ohio St.3d 1, 3.
To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact remains to be litigated, that it is entitled to judgment as a matter of law, and that it appears from the evidence, when viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
Relator sets forth four separate grounds allegedly establishing his clear legal right to have his PRC status revoked and be granted an unconditional release.
First, relator alleges that his guilty plea was not made knowingly, intelligently and voluntarily, because the trial court failed to notify him at his sentencing hearing that a period of PRC may be imposed following his release from prison.
As respondent notes, several alternate legal remedies are available to challenge the validity of relator's guilty plea, including a direct appeal, a delayed appeal, or a motion to withdraw the guilty plea. Additionally, if relator's guilty plea were determined to be unenforceable because it was not made knowingly, intelligently and voluntarily, the proper relief is to provide relator with the opportunity to withdraw his plea and proceed to trial — not to unconditional release from PRC sanctions. State v. Engle (1996), 74 Ohio St.3d 525, 528. Accordingly, relator's first argument in support of his complaint for mandamus relief is not well-founded.
Relator's second basis in support of mandamus relief is that the imposition of PRC sanctions on him is improper because only one person signed his PRC notification, and because no reason is given for his placement on PRC. R.C. 5149.10(A) provides in part that "[t]he parole board shall consist of twelve members, * * * and any other personnel that are necessary for the orderly performance of the duties of the board." Additionally, although R.C. 5149.10 provides that a majority of the board members must agree to a recommendation of clemency, no similar requirement is expressed for PRC determinations. Thus, R.C. 5149.10 does not support relator's claim that his notification was improper because it was not signed by all twelve members of the parole board. Relator has not identified any legal authority that requires PRC sanction notifications to be decided or signed by all members of the parole board, or reasons for the PRC sanctions imposed to be provided. Consequently, relator's second basis for mandamus relief is ill-founded.
Relator's third basis for entitlement to mandamus is that the imposition of PRC sanctions on him does not conform to Ohio Adm. Code 5120:1-1-41(C). Although, Ohio Adm. Code5120:1-1-41(C) does state that "[g]enerally the parole board will not order post-release control for offenders serving sentences of one year or less," it does authorize the board to order post-release control for offenders serving sentences of less than one year when it "finds that the lack of supervision over a particular offender will create a high risk to public safety." Therefore, the imposition of sanctions on relator conforms with Ohio Adm. Code 5120:1-1-41(C) and does not support relator's petition for a writ of mandamus.
Relator's fourth and final argument in support of mandamus is that, in R.C. 2967.28(E), the General Assembly unconstitutionally delegated unbridled discretion to respondent to impose PRC on prisoners who are convicted of fourth degree felonies.
Relator may challenge the constitutionality of R.C.2967.28 by way of a delayed appeal pursuant to App.R. 5. State v.Spikes (Sept. 4, 1998), Lake App. No. 97-L-158, unreported. A delayed appeal is an adequate remedy in the ordinary course of the law and precludes mandamus relief. State ex rel. Hester v. Crush
(1996), 75 Ohio St.3d 563, 564. Because relator has not attempted to bring a delayed appeal, he cannot establish entitlement to a writ of mandamus based on his constitutional challenge.
For the above reasons, as a matter of law, relator is not entitled to his requested writ of mandamus. Accordingly, respondent's motion for summary judgment is granted and relator's motion for summary judgment is denied. Relator's request for a writ of mandamus is denied.
Relator's motion for summary judgment denied, respondent's motion forsummary judgment granted, writ of mandamus denied.
BRYANT and BROWN, JJ., concur.