DECISION
{¶ 1} Relator, Ricardo Jackson, has filed an original action requesting this court to issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to comply with this court's mandate in State v. Jackson, Franklin App. No. 02AP8-67, 2003-Ohio-6183 ("Jackson I"), and State v. Jackson,
Franklin App. No. 03AP-1065, 2004-Ohio-6438 ("Jackson
II").[1] Respondent answered the complaint and subsequently filed a motion for summary judgment, which was supported by copies of entries issued by respondent in response to this court's mandate in Jackson I and Jackson II, filed May 23, 2005, and August 12, 2005, respectively.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that this court grant respondent's motion for summary judgment. (Attached as Appendix A.) The magistrate determined that copies of the entries issued by respondent on May 25, 2005, and August 12, 2005, conclusively established that respondent performed the action which relator sought to be compelled by filing this action.
 {¶ 3} Having made an independent review of this matter, we adopt the magistrate's findings of fact, and need not reiterate them here. We now turn to relator's objections. As provided by the magistrate, the Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 4} Regarding the "adequate remedy" element of a mandamus claim, the Supreme Court of Ohio has held mandamus is not available to criminal defendants to complain about the trial records in their cases because either a direct appeal, or a delayed appeal if the time for filing an ordinary appeal has expired, are adequate remedies. State ex rel. Hester v. Crush
(1996), 75 Ohio St.3d 563; State ex rel. Hill v. Niehaus
(1994), 68 Ohio St.3d 507. Similarly, the filing of a motion before the trial court has also been held to be an adequate remedy at law. State ex rel. Bowling v. Court of Common Pleas
(1970), 24 Ohio St.2d 158; State ex rel. Russell v. Swain (Aug. 8, 1997), Lake App. No. 96-L-223; State ex rel. Luken v.Wilkinson (Mar. 16, 1993), Franklin App. No. 92AP-1689.
 {¶ 5} To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact remains to be litigated, that it is entitled to judgment as a matter of law, and that it appears from the evidence, when viewed most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 6} The gravamen of relator's objections is that the judgment entries issued by respondent fail to comply with our prior mandates in both Jackson I and Jackson II. Relator maintains that respondent's modified judgment entry issued on May 25, 2005, still contains a technical error, that being, it states relator was convicted on count one, as opposed to count two, of the indictment. Thus, respondent's attempt to correct the portion of the judgment entry identified in Jackson I as being inaccurate fell short. Relator also challenges the substantive findings made by respondent in its entry of August 12, 2005. Specifically, relator contends that respondent failed to address several arguments presented in his post-conviction petition, and, therefore, said entry has not satisfied our remand directive inJackson II.[2]
 {¶ 7} Our independent examination of the record discloses that relator is correct when he asserts that respondent's entry issued on May 25, 2005, still contains a technical error. As we explained in Jackson I, by indictment filed July 13, 2001, relator was charged with three counts: aggravated arson, a violation of R.C. 2909.02(A), and a felony in the first degree (Count 1); aggravated arson, a violation of R.C. 2909.02(A), and a felony in the second degree (Count 2); and intimidation of a crime victim or witness, a violation of R.C. 2921.04, and a felony of the third degree (Count 3). Relator was convicted on Counts 2 and 3, but the latter was reversed in Jackson I.
Therein, we also noted that the trial court's judgment entry mistakenly identified the aggravated arson conviction (Count 2) as a first degree felony rather than a second degree felony, and instructed the trial court to correct this error on remand. In accord with our opinion, respondent issued a modified judgment entry on May 25, 2005, vacating relator's sentence on count 3. That same entry, however, only partially corrected the technical error we identified in Jackson I; the portion of the original entry indicating relator had been convicted of count 1, as opposed to count 2, remained unchanged.
 {¶ 8} Despite the fact respondent's modified entry contains a technical error, relator is still not entitled to the extraordinary writ of mandamus. As previously explained, relator could have taken a direct appeal of respondent's modified entry, but he failed to do so. State ex rel. Hester v. Crush, supra;State ex rel. Hill v. Niehaus, supra. To the extent the time to file an ordinary appeal has expired, relator can file a motion for delayed appeal, and if granted, may seek modification or correction of the judgment entry in dispute. Id; see, also, App.R. 1(A), 9(E). Relator may also move respondent pursuant to Crim.R. 36 to correct the error. There is nothing in relator's complaint to suggest that this remedy has been attempted or is not adequate. If relator has filed such a motion and it has been denied, an appellate remedy was available by filing a notice of appeal.
 {¶ 9} Based on the foregoing, it is relator's failure to avail himself of these legal remedies, and not respondent's issuance of an entry in response to our remand directive inJackson I, that precludes issuance of a writ of mandamus.
 {¶ 10} We also find relator's objections concerning the trial court's alleged failure to issue findings of fact and conclusions of law pursuant to our remand directive in Jackson II to be without merit. Respondent issued said findings on August 12, 2005, and as noted by the magistrate, neither a writ of mandamus nor procedendo will issue to compel the performance of a duty that has already been performed. State ex rel. Howard v. Skow,102 Ohio St.3d 423, 2004-Ohio-3652; State ex rel. Scruggs v.Sadler, 102 Ohio St.3d 160, 2004-Ohio-2054. Insofar as relator's objections could be construed as challenging the merits of the trial court's findings, he had an adequate remedy by direct appeal. Again, relator's failure to avail himself of these legal remedies precludes the issuance of a writ of mandamus.
 {¶ 11} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and we adopt them as our own. For the reasons set forth in this decision, we reject the magistrate's conclusions of law that determined relator was not entitled to a writ of mandamus because respondent issued a modified judgment entry in response to our remand of Jackson I, and substitute the same with our own as set forth herein. We, however, adopt the magistrate's conclusions of law that determined relator was not entitled to a writ of madamus because respondent issued the findings of fact and conclusions of law as instructed in Jackson II. Accordingly, we grant respondent's motion for summary judgment and deny the requested writ of mandamus.
Objections sustained and respondent's motion for summaryjudgment and writ of mandamus denied.
Petree and Brown, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Ricardo Jackson, :
Relator, :
v. : No. 05AP-571
Franklin County Court of Common Pleas, : (REGULAR CALENDAR)
Respondent. :
 MAGISTRATE'S DECISION Rendered on September 9, 2005 Ricardo Jackson, pro se.
Ron O'Brien, Prosecuting Attorney, and Paul Thies, for respondent.
 IN MANDAMUS/PROCEDENDO ON MOTION FOR SUMMARY JUDGMENT {¶ 12} Relator, Ricardo Jackson, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Franklin County Court of Common Pleas, to rule on his July 17, 2002 petition for post-conviction relief following this court's decision remanding relator's case to the trial court in State v. Jackson, Franklin App. No. 03AP-1065,2004-Ohio-6438. Respondent has filed a motion for summary judgment and has submitted a time-stamped copy of the trial court's entry denying relator's July 17, 2002 petition for post-conviction relief.
 Findings of Fact: {¶ 13} 1. By indictment filed July 13, 2001, relator was charged with two counts of aggravated arson and one count of intimidation of a witness.
 {¶ 14} 2. Following a jury trial, relator was convicted of one count of aggravated arson and one count of intimidation of a witness.
 {¶ 15} 3. Thereafter, the trial court sentenced relator to two consecutive five-year prison terms for a total sentence of ten years.
 {¶ 16} 4. On November 20, 2003, on motion for delayed appeal, this court reversed relator's conviction on the offense of intimidation of a witness finding that conviction was not supported by the sufficiency of the evidence. Relator's conviction was affirmed on the offense of aggravated arson.
 {¶ 17} 5. In the interim, on July 17, 2002, through counsel, appellant filed a petition for post-conviction relief.
 {¶ 18} 6. On September 29, 2003, the trial court entered its decision on the post-conviction petition and new trial motion.
 {¶ 19} 7. Thereafter, relator filed an appeal in this court arguing that the trial court erred when it denied him a hearing on his petition for post-conviction relief and when the trial court held that relator's claims should have been raised on appeal.
 {¶ 20} 8. In this court's decision, this court found that the trial court failed to make findings of fact and conclusions of law upon which this court could properly review the trial court's denial of relator's petition for post-conviction relief. As such, this court reversed the judgment of the Franklin County Court of Common Pleas and remanded the matter to the trial court solely for the purpose to make and file findings of fact and conclusions of law concerning the grounds for relief set forth in relator's petition for post-conviction relief.
 {¶ 21} 9. Thereafter, on June 7, 2005, relator filed the instant mandamus action seeking to compel respondent to comply with this court's decision.
 {¶ 22} 10. Respondent filed a motion for summary judgment and has attached a time-stamped copy of the trial court's decision, including findings of fact and conclusions of law, on relator's petition for post-conviction relief.
 {¶ 23} 11. This matter is currently before the magistrate for consideration. Conclusions of Law:
 {¶ 24} Although relator has captioned this action as one seeking a writ of mandamus, relator is actually seeking a writ of procedendo to compel the trial court to rule on his petition for post-conviction relief.
 {¶ 25} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. Procedendo is an order from a court of superior jurisdiction to proceed to judgment — it does not attempt to control the inferior court as to what the judgment should be. State ex rel. Sherrills v. Cuyahoga Cty. Court ofCommon Pleas (1995), 72 Ohio St.3d 461, 462.
 {¶ 26} Summary judgment is appropriate where the court determines that there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, in viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 27} In the present case, respondent has now performed that act which relator sought to compel respondent to complete. As such, relator has received the relief which he sought by way of this action. Neither a writ of mandamus nor procedendo will issue to compel the performance of a legal duty which has been completed.
 {¶ 28} Inasmuch as relator has received the relief which he sought by way of this mandamus/procedendo action, the magistrate finds that respondent is entitled to summary judgment and relator's action should be dismissed.
[1] In 2001, relator was found guilty of one count of aggravated arson and one count of intimidation of a crime witness, and was sentenced to five-years on each count with each to be served concurrently, for a total of ten years of imprisonment. In Jackson I, we found relator's intimidation conviction was not supported by sufficient evidence, and reversed that portion of the judgment. We also remanded the case to the trial court to correct the portion of the judgment entry that mistakenly identified the aggravated arson conviction as a first-degree felony rather than a second-degree felony. InJackson II, we reversed the trial court on the basis that it failed to make findings of fact and conclusions of law relative to its denial of relator's motion for post-conviction relief filed on July 12, 2002, and remanded the matter with instructions for the trial court to issue said findings.
[2] We note that relator does not identify the arguments he claims respondent failed to address.