OPINION AND JOURNAL ENTRY *Page 2 
{¶ 1} On February 2, 2007, Relator Rhonda K. Maury filed a "Complaint for Writ of Mandamus" seeking an order to compel Respondents, Hon. William J. Martin, retired judge of the Carroll County Court of Common Pleas, and Bill Wohlwend, Carroll County Clerk of Courts, to deliver trial court records to this Court to be made part of the record on appeal in Appeal No. 06 CA 837. There is now pending before us a motion to dismiss the complaint. Based on our review of the mandamus complaint, we agree with Respondents that the mandamus complaint must be dismissed.
 {¶ 2} Relator alleges that Judge Martin, prior to his recent retirement, was assigned to preside over her divorce action in the Carroll County Court of Common Pleas. Relator asserts that she filed a document in her divorce case on August 31, 2006, and that this document was later ordered to be stricken from the trial court record. Judgment entry of divorce was filed on September 29, 2006. Relator alleges that she filed a post-judgment motion with the trial court to supplement the record on October 27, 2006, the same day she filed her appeal of the September 29, 2006, divorce judgment. Relator alleges that this supplement was placed under seal by Judge Martin and was not transmitted to this Court as part of the trial court record in her appeal. Relator requests an order from this Court to force Retired Judge Martin and Clerk of Courts Wohlwend to file the two missing documents as part of the record in her divorce appeal, Appeal No. 06 CA 837. That appeal has been placed in abeyance until the resolution of this mandamus action.
 {¶ 3} To be entitled to a writ of mandamus, a relator must establish that he or she has a clear legal right to the relief sought, that the respondent has a clear legal *Page 3 
duty to perform the requested act, and that the relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Luna v.Huffman (1996), 74 Ohio St.3d 486, 487, 659 N.E.2d 1279.
 {¶ 4} Respondents filed a motion to dismiss based on the failure of the complaint to set forth any basis for which relief in mandamus may be granted. "Under Civ.R. 12(B)(6), dismissal for failure to state a claim upon which relief can be granted is proper if, after all material factual allegations of the complaint are presumed true and all reasonable inferences are made in appellants' favor, it appears beyond doubt that they could prove no set of facts warranting the requested extraordinary relief in mandamus." State ex rel. MetroHealth Med. Ctr.v. Sutula, 110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722, ¶ 7.
 {¶ 5} One of the arguments that Respondents raise is that Relator has an adequate remedy at law, and therefore, she cannot pursue the alternative extraordinary remedy of a writ of mandamus. As mentioned above, in order to prevail on a writ of mandamus, one of the things that the relator must show is that she has no plain and adequate remedy at law. State ex rel. Hodges v. Taft (1992), 64 Ohio St.3d 1,591 N.E.2d 1186, citing to State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41,374 N.E.2d 641. Assuming arguendo that Relator is correct and there are documents in the trial court file that were not transferred as part of the record in Relator's appeal of her divorce, Relator has adequate remedies pursuant to App.R. 9(E) to correct or modify the trial court record that was transmitted to us in Appeal No. 06 CA 837. State ex rel.Marshall v. Glavas, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97;State ex rel. Hester v. Crush (1996), 75 Ohio St.3d 563, 564,664 N.E.2d 930; Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 383,667 N.E.2d 1194. *Page 4 
Mandamus is not needed here, because nonfeasance of the trial court clerk in transmitting the record does not prevent appellate review of issues that are able to be corrected through the use of App.R. 9(E).Cobb v. Cobb (1980), 62 Ohio St.2d 124, 127, 403 N.E.2d 991. The purpose of this mandamus complaint is to complete the record in a direct appeal of divorce action, and that can be accomplished in the divorce appeal itself.
 {¶ 6} Furthermore, Relator alleges that Judge Martin has retired from the bench, but she has not alleged that he has any continuing authority over the underlying divorce action. "The basic purpose of the writ of mandamus is to compel a public officer to perform the duties imposed on him by law." State ex rel. Scott v. Masterson (1962), 173 Ohio St. 402,404, 20 O.O.2d 36, 37, 183 N.E.2d 376, 379. It is unclear how mandamus can be issued to control the actions of a judge after he has retired from the bench and who no longer has any authority or control over the subject matter that is the basis of the mandamus complaint.
 {¶ 7} Because Relator has an adequate remedy at law, we hereby dismiss the complaint for a writ of mandamus. Costs to be taxed against Relator.
 {¶ 8} This is a final order. Clerk to serve notice as provided by the Civil Rules.
 Waite, J., concurs. Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1