JOURNAL ENTRY AND OPINION
{¶ 1} On June 4, 2007, the "movants," Lakeland Bolt Nut Company and Cheryl Leslie, filed an emergency motion for temporary restraining order and preliminary injunction and a motion to appoint receiver against the defendants, Michael Grdina and James Jaksic. The movants basically claim that Grdina and Jaksic fraudulently induced Leslie to sell her family's business, Lakeland Bolt Nut, to them and that Grdina and Jaksic are liquidating the company's assets by selling the inventory as scrap in contravention of the sales contract and the representations made to Leslie. Although Leslie has a pending action, Lakeland Bolt NutCompany Inc., et al. v. Grdina, et al., Cuyahoga County Common Pleas Court Case No. CV-625470, and has filed similar motions for injunctive relief and to appoint a receiver, the trial court indicated that it would not hear these motions until June 14, 2007. Fearing that the assets of the company would be completely liquidated by that time, Leslie sought emergency relief in this court by endeavoring to file an original action. For the following reasons, this court dismisses the "original action" and denies the pending motions.
 {¶ 2} First, the movants improperly commenced this original action as a motion rather than an action. In State ex rel. Simms v. Sutula (1998),81 Ohio St.3d 110, 111, 689 N.E.2d 564, the Ohio Supreme Court affirmed the appellate court's dismissal of an original action, holding that "original actions for extraordinary relief, e.g., a writ of procedendo, must be commenced by filing a complaint or petition *Page 4 
rather than a motion." The movants' "original action" is essentially a motion for injunctive relief and to appoint a receiver. It is styled as a motion and presented as a motion and, thus, does not commence an original action.
 {¶ 3} Furthermore, Article IV, Section 3(B)(1) of the Ohio Constitution limits this court's original jurisdiction to actions in quo warranto, mandamus, procedendo, habeas corpus, and prohibition. The movants' filings make no pretense at being any of these original actions. Thus, the movants have failed to invoke the jurisdiction of this court, and their motions are not properly before us.
 {¶ 4} The movants argue that R.C. 2735.01 grants this court jurisdiction to appoint a receiver. However, the statute itself limits this power to "causes pending in such Courts * * *." Because there is no proper action pending in this court for which this court could invoke the statute's provisions, the movants' reliance on R.C. 2735.01 is misplaced.
 {¶ 5} Similarly, movants argue that App.R. 7, which governs a stay or injunction pending appeal, also empowers this court to grant the requested relief. However, this rule limits this court's power to pending appeals. Movants have not commenced an appeal, and thus, App.R. 7 is inapplicable.
 {¶ 6} Accordingly, to the extent that the movants endeavored to file an original action, this court dismisses the original action. Because the motions are not properly before this court, we deny the motions. Movants to pay costs. The clerk is *Page 5 
directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
COLLEEN CONWAY COONEY, PRESIDING JUDGE
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR *Page 1