The STATE ex rel. AMON

v.

BERNARD, Judge, et al.

[Cite as *State ex rel. Amon v. Bernard*, 180 Ohio App.3d 707, 2009-Ohio-405.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2008–T–0068.

Decided Jan. 30, 2009.

Harry J. DiPietro, for relator.

John B. Juhasz, for respondents.

Per Curiam.

{¶ 1} This action in mandamus and prohibition is presently before this court for final consideration of the motion to dismiss of respondents, Judge Michael A. Bernard, Magistrate Mark S. Finamore, and Clerk of Courts Judy Thomas of the Girard Municipal Court. As the primary grounds for their motion, respondents maintain that the petition of relator, Claudia Amon, fails to state a viable claim for either writ because her allegations support the conclusion that there is an alternative remedy she could employ to achieve the identical relief. For the following reasons, we hold that the dismissal of this action is warranted under Civ.R. 12(B)(6).

{¶ 2} A review of relator's petition shows that her claim for a writ of mandamus is predicated upon the following factual assertions. In January 2008, relator instituted a small-claims case in the Girard Municipal Court. After the matter had been assigned to him, Magistrate Finamore conducted an evidentiary hearing on the final merits. In late February 2008, Magistrate Finamore issued a written decision that recommended that judgment be entered against relator on her complaint. According to relator, the written decision contained numerous factual errors and was never properly served on her trial counsel.

{¶ 3} Relator never filed any objections to the magistrate's decision; rather, she moved Judge Bernard to hold a de novo hearing on the entire matter. Ultimately, Judge Bernard overruled relator's motion and essentially adopted the recommendation of the magistrate regarding the final disposition of the case.

{¶ 4} On April 1, 2008, relator appealed Judge Bernard's final judgment to this court. In reviewing the trial court record for purposes of prosecuting the appeal, relator noticed that the original copy of the magistrate's written decision had been altered since the date of its release. Specifically, certain words in the original copy had been crossed out with a pen so that other words could be substituted. Relator also noted that the initials "MB" had been handwritten beside each of the modifications.

{¶ 5} After first submitting a motion to "correct the record" in the context of her pending appeal, relator brought the instant original action before this court. In support of her mandamus claim, she contended that by allowing the magistrate's decision to be physically altered following its inclusion in the record, Judge Bernard and the trial court clerk had violated their legal duties to ensure that the record, as transmitted to the court of appeals, was true and accurate. In light of this, relator argued that a writ of mandamus was necessary to compel the judge and the clerk to change the trial record back into its original form, i.e., to ensure that the record contains a copy of the magistrate's decision that is identical to the form that was served upon the parties. She further argued that the writ was the sole procedural means by which she could require Judge Bernard and Clerk of Courts Thomas to proceed in accordance with App.R. 9.

{¶ 6} In now moving for the dismissal of the mandamus claim, respondents do not contest the basic contention that the trial judge and the clerk of courts have a legal obligation to maintain the trial record in its original form and not allow any modifications. However, they do challenge relator's assertion that the writ is the only remedy she can pursue to settle the dispute. Specifically, they submit that relator has an adequate legal remedy through the filing of an appropriate motion in the pending appeal.

{¶ 7} Upon considering the controlling procedural rules and case law, this court concludes that relator will never be able to establish the lack of an alternative remedy at law. First, we would indicate that App.R. 9 contains a section that directly addresses the issue of the correction of any error or misstatement in the trial record. Section (E) of that rule provides as follows:

{¶ 8} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or on its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."

{¶ 9} In applying the foregoing provisions, the Supreme Court of Ohio has held that App.R. 9(E) must be followed whenever a dispute has arisen as to the propriety of the trial record. For example, in *State ex rel. Hill v. Niehaus* (1994), 68 Ohio St.3d 507, 628 N.E.2d 1376, the dispute involved whether, inter alia, the trial court's final judgment in the underlying criminal case had ever been entered into the record. After the defendant had appealed his conviction, the state moved the trial court to correct the trial record by actually taking the

necessary steps to file its prior final judgment. Once the trial court had granted the state's motion and had its earlier judgment placed into record, the defendant brought an action in mandamus and prohibition before the court of appeals. As part of his relief in the original action, the defendant sought a writ that would compel the trial court to strike the judgment from the record.

{¶ 10} The appellate court in *Hill* dismissed the original action for the reason that the defendant had an adequate remedy at law. In upholding the appellate court's ruling, the Supreme Court first noted that pursuant to App.R. 9(E), the trial court had the basic authority to rule upon the state's motion and to correct any factual errors in the trial record. Second, the *Hill* court indicated that the defendant could not assert his arguments as to the trial record in the context of his original action because those arguments could have been considered as part of the App.R. 9(E) proceedings; as a result, the defendant had an adequate remedy that foreclosed the issuance of any writ. Id. at 509, 628 N.E.2d 1376.

{¶ 11} The *Hill* analysis was limited to the adequacy of an App.R. 9(E) motion to correct before a trial court. However, in a subsequent opinion, the Supreme Court has also concluded that a motion to correct before an appellate court will be considered an adequate legal remedy for purposes of a mandamus action. In *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 176, 724 N.E.2d 420, the criminal defendant was already going forward with the appeal of his conviction when he noted that parts of the trial proceedings had been omitted from the record. Accordingly, he moved the trial court to add the omitted parts to the trial record. Before the trial court could issue a ruling upon the motion, though, the appellate court rendered its final opinion on the merits of the appeal. Approximately 18 months later, the defendant initiated a mandamus action to compel the trial court to "correct" the trial record through the inclusion of those alleged omitted portions.

{¶ 12} After the appellate court had granted summary judgment for the trial court on the mandamus claim, the defendant appealed the matter to the Supreme Court. In affirming the summary-judgment decision, the *Hunter* court first stated that the merits of the mandamus claim had technically become moot because the trial court had recently issued a ruling upon the original motion that had been submitted while the appeal of the conviction had been pending. Nevertheless, the *Hunter* opinion still went forward to address the question of whether the defendant's use of a mandamus action to correct the trial record had been appropriate:

{¶ 13} "Moreover, [the defendant] had adequate remedies by App.R. 9(E) and appeal to correct any material omissions from his record. * * * Even if, as [the defendant] claims, his trial court did not rule on his motion until after the court of appeals had resolved his appeal, he could have raised his claim in a motion in the

court of appeals before his appeal had been decided." *Hunter*, 88 Ohio St.3d at 177, 724 N.E.2d 420.

{¶ 14} See also *State ex rel. Hester v. Crush* (1996), 75 Ohio St.3d 563, 664 N.E.2d 930, in which the Supreme Court of Ohio again held that a writ of mandamus will not lie to compel the correction of judgment entries in a trial record because the point can be fully addressed as part of the proceedings in the pending appeal.

{¶ 15} Even though each of the foregoing three Supreme Court cases pertained to the trial records in criminal actions, the same logic would still apply to records in civil matters. That is, a motion under App.R. 9(E) constitutes an adequate means by which a party to a civil appeal can obtain the correction of the trial record so that it accurately depicts the nature of all proceedings at the trial level. While such a motion is typically asserted before the trial court in the first instance, it can also be raised before the court of appeals when the trial court does not take the necessary steps to resolve the dispute concerning the record. Furthermore, the appellate court has the general authority under the rule to employ any required procedure to achieve the goal of an accurate record for meaningful appellate review.

{¶ 16} As was noted above, relator did file a motion to correct the trial record as part of her pending appeal. In her petition in the instant matter, relator also noted that although this court initially remanded the case to Judge Bernard for further proceedings to "correct" the changes to the magistrate's decision, that procedure did not result in the immediate resolution of the problem; i.e., upon remand, Judge Bernard and Magistrate Finamore did not follow the exact procedure set forth in our first judgment entry. It was after the failure of the first remand that relator chose to file this original action.

{¶ 17} As to the foregoing factual assertions, this court would emphasize that the mere fact that a second remand may have been necessary does not alter the analysis concerning whether an adequate legal remedy exists. The key issue in this analysis is whether a motion under App.R. 9(E) will ultimately provide relator with the same relief that she sought under her mandamus claim. In light of the cited Supreme Court case law interpreting that rule, we conclude that an appellate court can continue to proceed with the matter until it is satisfied that the trial record contains an accurate statement of the various events during the trial proceedings. Therefore, relator's allegations are not sufficient to state a viable mandamus claim because those allegations readily show that she has an adequate remedy at law.

{¶ 18} As the basis for her separate prohibition claim, relator again focused upon the actions of Magistrate Finamore during the first remand under

the pending appeal. Relator alleged in her petition that instead of indicating whether the original copy of his written decision had contained the disputed markings, Magistrate Finamore attempted to enter a nunc pro tunc entry that corrected certain misstatements in his prior written decision. Based upon this, she argued that a writ of prohibition was warranted because Magistrate Finamore had exceeded the scope of his jurisdiction during the remand.

{¶ 19} In *Hill*, 68 Ohio St.3d at 509, 628 N.E.2d 1376, the "original action" petition against the trial court also contained a prohibition claim, in which the criminal defendant sought the writ to stop the trial court from taking certain steps in regard to the trial record. In upholding the dismissal of the prohibition claim, the Supreme Court followed the identical analysis as it had applied to the mandamus claim; i.e., the *Hill* court stated that a writ of prohibition would not lie because the defendant had an adequate remedy to contest the propriety of the trial court's actions as part of the procedure in his pending appeal.

{¶ 20} In the instant case, to the extent that Magistrate Finamore actually failed to comply with our specific order during the first remand, this court had the ability under relator's appeal to rectify the effect of his actions as part of a second remand. In other words, our basic authority under App.R. 9(E) would be sufficient to ensure ultimate compliance with any order of this court about the status of the trial record. Thus, since an alternative way of controlling respondents' behavior existed, a writ of prohibition would never lie under relator's own allegations.[1]

{¶ 21} Finally, this court would note that relator's petition contained allegations as to other possible errors that may have occurred during the underlying civil case. For example, she asserted that she never had an opportunity to file objections to the original magistrate's decision because her counsel was never properly served with a copy of the document.

{¶ 22} In relation to these separate allegations, our review of relator's prayer for relief indicates that relator has not requested any specific relief as to the other possible errors; accordingly, it would appear that relator's references to

---

1. Although not relevant to our analysis of the sufficiency of relator's petition, this court would indicate that as part of the separate procedure in the pending appeal, a second remand was ordered in regard to the magistrate's decision. In our second order, we stated that the purpose of the first remand had not been for Magistrate Finamore to correct any possible misstatements in his decision; instead, we had intended for the magistrate or trial judge to indicate whether the original copy of the decision, as released on February 20, 2008, had included the written modifications. In light of this clarification, Judge Bernard issued a new judgment during the second remand that specifically ordered that a copy of the original version of the decision, without the written modifications, be included in the trial record. As a result, the problem with the magistrate's decision has already been resolved under App.R. 9(E).

the alleged errors were merely made to provide background on the underlying case. Moreover, our review also shows that these separate allegations only raise questions concerning whether certain procedural errors may have occurred. As respondents correctly note in their dismissal motion, this court has held that the merits of procedural errors cannot be contested in a mandamus action because the relator has an adequate remedy through a direct appeal of the trial court's final judgment. *State ex rel. Appenzeller v. Lake Cty. Court of Common Pleas,* 11th Dist. No. 2007–L–125, 2007-Ohio-6157, 2007 WL 4098822, at ¶ 6. This identical analysis would also apply to a prohibition claim. See generally *State ex rel. Feathers v. Hayes,* 11th Dist. No. 2006–P–0092, 2007-Ohio-3852, 2007 WL 2164531.[2]

{¶ 23} As part of the elements of both a mandamus claim and a prohibition claim, a relator must be able to prove that there is no other adequate remedy she could pursue in the ordinary course of the law. See *State ex rel. Ahmed v. Costine,* 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865. Pursuant to the foregoing legal discussion, this court concludes that the nature of relator's factual allegations are such that even when those allegations are construed in a manner most favorable to her, it is beyond all doubt that she will not be able to establish a set of facts under which she could satisfy this element as to either claim. As a result, Civ.R. 12(B)(6) mandates the dismissal of relator's entire petition for relief.

{¶ 24} Respondents' motion to dismiss is granted. It is the order of this court that relator's claims in mandamus and prohibition are both dismissed.

So ordered.

TRAPP, P.J., and O'TOOLE and CANNON, JJ., concur.

---

**2.** The foregoing analysis would likewise be applicable to any remaining question as to the propriety of the procedure followed by Judge Bernard. That is, even though the trial record now contains a copy of the original version of the magistrate's decision, there still may be potential issues concerning whether relator was somehow prejudiced by the written modifications. However, since any alleged error by Judge Bernard would have been purely procedural in nature, any question regarding a procedural effect could be raised as an assignment of error in the pending appeal. Thus, again, relator has an adequate remedy at law.