[Cite as *In re J.D.*, 2019-Ohio-285.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### BELMONT COUNTY

## IN RE: J.D.

## STATE ex rel., C.D.,

Relator,

v.

## BELMONT COUNTY JUVENILE COURT,

Respondent.

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 BE 0039**

Writ of Prohibition and Mandamus

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Kathleen Bartlett, Judges.

**JUDGMENT:**
DISMISSED

*C.D., Pro-se*, 153 South Sugar Street, Apt. 3, St. Clairsville, Ohio 43950, Relator and

*Atty. David K. Liberati,* Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, Respondent.

Dated:
January 29, 2019

**PER CURIAM.**

{¶1} Proceeding on her own behalf, Relator C.D. has filed with this Court an original action captioned as an "EMERGENCY VERIFIED PETITION FOR WRIT OF PROHIBITION AND WRIT OF MANDAMUS" against Respondent Belmont County Common Pleas Court, Juvenile Division, contemporaneously with a motion for stay of the proceedings below pending this Court's decision on the original action. Respondent has filed a motion to dismiss and Relator has filed a reply in opposition the motion.

{¶2} The trial court previously adjudicated G.W. as the father of Relator's child. As a result, the court granted G.W. parental rights which included "Option 1" visitation rights. Relator filed a timely appeal of the trial court's journal/docket entry which this Court affirmed in its entirety in *In re J.D.*, 7th Dist. No. 16 BE 0024, 2017-Ohio-1081. Following this Court's affirmance of the trial court's decision, Relator thereafter refused to comply with the father's visitation rights. The refusal led to two contempt proceedings.

{¶3} The Ohio Supreme Court has clearly defined the parameters of prohibition. It has determined that a "writ of prohibition has been defined in general terms as an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions." *State ex rel. Burtzlaff v. Vickery*, 121 Ohio St. 49, 50, 166 N.E. 894 (1929). "In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). Therefore, a writ of prohibition is an "extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies." *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73, 424 N.E.2d 297 (1981); *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 540, 660 N.E.2d 458 (1996) ("Prohibition is an extraordinary writ and we do not grant it routinely or easily.").

{¶4} In order to obtain a writ of prohibition a petitioner must prove (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-

judicial power; (2) that the exercise of that power is unauthorized by law; and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997). For the second and third requirements, the Ohio Supreme Court has held that "unless jurisdiction is patently and unambiguously lacking, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy in the ordinary course of law by appeal." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 326, 2006-Ohio-6573, 859 N.E.2d 923, 926, ¶ 16 (2006).

{¶5} Regarding a petition for a writ of mandamus, such a writ is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections,* 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. In order to be entitled to a writ of mandamus a relator must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996). The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

{¶6} Upon a thorough review of Relator's petition, it is substantively comprised of two components. The first is her argument that the trial court was without jurisdiction to find her in contempt because it did not sufficiently serve her process of the contempt charge. The second is her attempt to present new or renewed arguments that were or could have been raised in her previous direct appeal to this Court in *In re J.D.*, 7th Dist. No. 16 BE 0024, 2017-Ohio-1081.

{¶7} Concerning the trial court's jurisdiction over Relator to find her in contempt for her continued failure to comply with the father's visitation rights, when a juvenile court in a parentage action issues an order allocating parental rights and responsibilities, that court retains continuing jurisdiction to modify or revoke the order. This jurisdiction extends to all matters pertaining to the care, custody, support, and education of the minor child. *Cuyahoga Support Enforcement Agency v. Guthrie,* 84

Ohio St.3d 437, 444, 705 N.E.2d 318 (1999); R.C. 3111.13, R.C. 3111.16. Moreover, that jurisdiction extends to finding a custodial parent in contempt of its order. *Justis v. Justis*, 81 Ohio St.3d 312, 1989-Ohio-626, 691 N.E.2d 264 (1998).

**{¶8}** Additionally, Relator has or had available to her an adequate remedy at law by appealing any contempt order which necessarily requires denial of the writ of prohibition. *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 15 (2007); R.C. 2705.09. Although it is not clear based upon the record before us, it is worth noting an "appeal is not an inadequate remedy because relator has allowed the time for appeal to expire." *State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 35 (1990); *State ex rel. Hester v. Crush,* 75 Ohio St.3d 563, 564, 1996-Ohio-460 (appeal remains an adequate remedy "[e]ven though the time for an ordinary appeal has expired"); *State ex rel. Sheffield v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 93508, 2009-Ohio-3590, at ¶ 6 ("mandamus is not the proper remedy, because [relator] has or had adequate remedies at law through appeal, delayed appeal, or postconviction relief, all of which preclude mandamus"). The Ohio Supreme Court has emphasized that if a direct appeal could be rendered inadequate simply by the failure of litigants to pursue it, they would always ignore the appellate process and use a mandamus action as a substitute for an appeal. *State ex rel. Schneider v. Bd. of Edn. of North Olmsted City School District*, 65 Ohio St.3d 348, 603 N.E.2d 1024 (1992).

**{¶9}** The second component of Relator's petition contains new or renewed arguments that the trial court's visitation order is not in the best interests of the child. Specifically, she contends there is newly discovered evidence the child has life threatening allergies and is autistic such that allowing the visitation with the father would be "traumatic and psychologically devastating" to the child. As already indicated mandamus is precluded because Relator had available to her an adequate remedy at law by way of appeal which she exercised in *In re J.D.*, 7th Dist. No. 16 BE 0024, 2017-Ohio-1081, and in which this Court affirmed the trial court's determination that it would be in the best interests of the child to have visitation with the father. Mandamus is likewise not a substitute for an unsuccessful appeal. *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 6 (2003). To the extent Relator is

attempting to introduce new evidence concerning whether the trial court's order of visitation with the father is in the best interests of the child, she has available an adequate remedy at law under Civ.R. 60(B) which provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.

{¶10} Moreover, in addition to Civ.R. 60(B), Relator has an adequate remedy at law in that, as we previously noted, the trial court retains continuing jurisdiction to modify or revoke the visitation order. *Cuyahoga Support Enforcement Agency v. Guthrie,* 84 Ohio St.3d 437, 444, 705 N.E.2d 318 (1999); R.C. 3111.13, R.C. 3111.16. As the Second District pointed out, "[i]f, at some point, [the mother] has credible new evidence that visitation with [the father] is not in the children's best interest, she should pursue her concerns through a motion to modify visitation, rather than by undermining— and being held in contempt of—the current order." *Forrester v. Forrester*, 2d Dist. No. 2004 CA 81, 2005-Ohio-5230, ¶ 17.

{¶11} For the reasons set forth above, Respondent's motion to dismiss is granted and Relator's petition is hereby dismissed. Relator's motion for stay and recently filed motion to expedite consideration of a stay are rendered moot.

{¶12} Case dismissed. Final order. Costs taxed against Relator.

{¶13} Pursuant to the civil rules, the clerk of courts is instructed to serve copies of this decision and judgment entry, including to Relator, counsel of record, and the trial court Judge (Belmont County Common Pleas Court, Juvenile Division, Case No. 15 JG 548).

**JUDGE GENE DONOFRIO, Concurs.**


**JUDGE CHERYL L. WAITE, Concurs.**


**JUDGE KATHLEEN BARTLETT, Concurs.**