[Cite as *State ex rel. Harris v. Duhamel*, 2024-Ohio-259.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.
MASON HARRIS,               :

                            :

    Relator,                :

                            :            No. 113567

    v.                      :

                            :

MARCEL C. DUHAMEL,          :

    Respondent.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** January 24, 2024

---

Writs of Mandamus and Procedendo
Order No. 571413

---

***Appearances:***

Mason Harris, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Mason Harris ("Harris"), the relator, has filed a complaint for original actions and seeks writs of mandamus and procedendo. We sua sponte dismiss Harriss's complaint for writs of mandamus and procedendo.

{¶ 2} Initially, we find that Harris has failed to state any claims for mandamus or procedendo. *State ex rel. Peeples v. Anderson*, 73 Ohio St.3d 559,

653 N.E.2d 371 (1995). This court possesses no jurisdiction to require the "law firm of Vorys, Sater, Seymour and Pease along with Chief Justice Sharon Kennedy, to proceed with answers to [Harris's] Supreme Court of Ohio Case Number 2022-1004." This court's jurisdiction is limited to reviewing judgments and orders of inferior courts and administrative agencies, not judgments or orders of the Ohio Supreme Court. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02 and 2505.03. *See also* Article IV, Section 3(B)(1) of the Ohio Constitution. *Lakeland Bolt & Nut Co. v. Grdina*, 8th Dist. Cuyahoga No. 89955, 2007-Ohio-2908. In addition, mandamus or procedendo will not lie to enforce a private right against a private person, such as an attorney that is not a public officer. *State ex rel. Scott v. Masterson*, 173 Ohio St. 402, 183 N.E.2d 376 (1962); *Martin v. Martin*, 7th Dist. Carroll No. 07-CA-843, 2007-Ohio-2708.

{¶ 3} Finally, we find that Harris's complaint for mandamus and procedendo is procedurally defective for failure to comply with R.C. 2969.25(A) and (C). Specifically, Harris has failed to file an affidavit of prior civil actions as required by R.C. 2969.25(A). In addition, Harris has failed to provide a certified copy of the institutional cashier's statement, where he is incarcerated, setting forth the balance in his inmate account as required by R.C. 2969.25(C). The requirements of R.C. 2969.25 are mandatory and the failure to provide this court with an affidavit of prior civil actions and a certified institutional cashier's statement requires dismissal of Harris's complaint for mandamus and procedendo. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 719 N.E.2d 544 (1999); *State ex rel.*

*Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594. The failure to comply with R.C. 2969.25 cannot be cured by later filings. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982.

{¶ 4} Accordingly, we sua sponte dismiss Harris's complaint for mandamus and procedendo. Costs to Harris. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Complaint dismissed.

_____
MICHAEL JOHN RYAN, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR