OPINION
{¶ 1} Defendant-appellant, Todd L. Hatfield ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court resentenced appellant to prison following a second remand from this court for resentencing.
 {¶ 2} On February 14, 2003, the Franklin County Grand Jury indicted appellant on one count of aggravated murder, one count of tampering with evidence, and one count *Page 2 
of gross abuse of a corpse. On November 26, 2003, a jury found him guilty of all counts. The trial court sentenced appellant to life in prison with parole eligibility after 20 years for the aggravated murder conviction, four years for tampering with evidence, and 11 months for gross abuse of a corpse. The trial court ordered the sentences to run consecutively.
 {¶ 3} On appeal, this court affirmed appellant's convictions but remanded the case for a new sentencing hearing because the trial court imposed consecutive sentences without making certain findings and stating certain reasons for its findings, pursuant to provisions of R.C.2929.14 that were applicable to appellant's first sentencing hearing.State v. Hatfield, Franklin App. No. 04AP-402, 2004-Ohio-6450. On remand, the trial court imposed the identical sentences it had initially imposed, and made all of the findings enumerated in then-applicable R.C.2929.14(E)(4) and 2929.14(B). Appellant again appealed, this time on the grounds that the trial court's sentence violated his right to a jury trial guaranteed by the Sixth Amendment to the United States Constitution. On the authority of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, this court again reversed and remanded the case for a new sentencing hearing.
 {¶ 4} On October 23, 2006, the trial court held a new sentencing hearing and imposed the same sentence that it had imposed twice before. Appellant timely appealed and advances the following single assignment of error for our review:
 THE TRIAL COURT COMMITTED PLAIN ERROR BY VIOLATING THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION IN RESENTENCING APPELLANT.
 {¶ 5} Appellant challenges his sentence on the ground that retroactive application of the severance remedy ordered by the Ohio Supreme Court inFoster is violative of his *Page 3 
due process rights and the ex post facto provision of the United States Constitution. Appellant acknowledges that he raised no objection during sentencing, but he argues plain error.
 {¶ 6} This court has addressed and rejected the identical argument raised by appellant. See, e.g., State v. Hudson, Franklin App. No. 06AP-335, 2007-Ohio-3227; State v. Jones, Franklin App. No. 06AP-734,2007-Ohio-1466; State v. Henderson, Franklin App. No. 06AP-645,2007-Ohio-382, discretionary appeal not allowed, 114 Ohio St.3d 1413,2007-Ohio-2632, 867 N.E.2d 846; State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375, discretionary appeal not allowed,113 Ohio St.3d 1444, 2007-Ohio-1266, 863 N.E.2d 659; State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, discretionary appeal not allowed,113 Ohio St.3d 1514, 2007-Ohio-2208, 866 N.E.2d 512.
 {¶ 7} Appellant argues that the Foster court's severance of R.C.2929.14(B), which relates to non-minimum sentences, and R.C.2929.14(E)(4), which relates to consecutive sentences, unlawfully deprived him of due process. Specifically, he argues that, as applied to him, the Foster decision operates as an ex post facto law because it inflicts a greater punishment upon him than would have the sentencing statutes in place at the time he committed his crimes. He argues that application of Foster to his case unlawfully divests him of the presumption of minimum and concurrent terms he claims he would have been afforded before Foster.
 {¶ 8} Appellant maintains that the Foster court should only have excised the judicial fact finding portions of R.C. 2929.14(B) and2929.14(E)(4) but should have left intact the portions of the statute that expressed presumptions in favor of minimum and *Page 4 
concurrent sentences. He argues that we should reverse and remand for a third sentencing hearing.
 {¶ 9} We are bound to apply Foster as it was written. Sant v. HinesInterests Ltd. Partnership, 10th Dist. No. 05AP-586, 2005-Ohio-6640, ¶ 19 ("[W]e [are] bound to follow precedent set by the Ohio Supreme Court[.]"). Likewise, the trial court was bound to applyFoster as written, and was not permitted to give appellant "* * * the benefit of a state of law that never existed; [that is,] * * * a sentence that comports with the Sixth Amendment requirements ofBooker [ ] and Foster [ ] * * * but [without] the possibility of a higher sentence under the remedial holdings of Booker [ ] and Foster[ ]." State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, ¶ 28, quoting U.S. v. Jamison (C.A.7, 2005), 416 F.3d 538, 539; see, also, State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, discretionary appeal not allowed, 112 Ohio St.3d 1491, 2007-Ohio-724,862 N.E.2d 118, reconsideration denied, 113 Ohio St.3d 1470,2007-Ohio-1722, 864 N.E.2d 655.
 {¶ 10} As the Foster court noted, once the mandatory judicial factfinding is properly eliminated from R.C. 2929.14, "there is nothing to suggest a `presumptive term.' "Foster, at ¶ 96. Therefore, the court held, the sections that "* * * either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum and concurrent sentences. As such,Foster does not violate appellant's right to due process and does not operate as an ex post facto law. *Page 5 
 {¶ 11} But appellant now seeks the benefit of an irrebuttable presumption of minimum and concurrent sentences, even though such a presumption never existed, arguing that we should order the trial court to apply part of Foster to him but not all of it. For all of the reasons stated hereinbefore, this we cannot do. Therefore, we find no error and overrule appellant's assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1