DECISION
{¶ 1} Defendant-appellant, Demetrius R. Wilson, appeals from a judgment of sentence imposed by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On October 24, 2003, a Franklin County Grand Jury indicted appellant on two counts of aggravated murder in violation of R.C.2903.01 and two counts of attempted aggravated murder in violation of R.C. 2903.01 and 2923.02. Each of those counts contained firearm and death penalty specifications. Appellant was also indicted on *Page 2 
one count of having a weapon under disability in violation of R.C.2923.13. A jury found appellant guilty of two counts of murder, a lesser included offense of aggravated murder, and two counts of attempted murder, a lesser included offense of attempted aggravated murder. The jury also found appellant guilty of the attendant firearm specifications.[1] The trial court sentenced appellant accordingly, including consecutive and non-minimum sentences.
 {¶ 3} On appeal to this court, appellant's convictions were affirmed.State v. Wilson, Franklin App. No. 05AP-277, 2006-Ohio-643. However, because the trial court did not make the requisite findings in order to impose non-minimum sentences for appellant's convictions for attempted murder, as required by former R.C. 2929.14(B), we remanded the matter for a new sentencing hearing. Id. at ¶ 64.
 {¶ 4} However, when we remanded the case for resentencing, the Supreme Court of Ohio had decided State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Foster severed a number of sentencing statutes, including former R.C. 2929.14(B), from the statutory scheme. Therefore, on remand, the trial court was no longer required to make specific findings to impose consecutive and non-minimum sentences. The trial court held another sentencing hearing and imposed the same sentence without making any findings.
 {¶ 5} Appellant appeals and assigns the following error:
 THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A NON-MINIMUM PRISON TERM FOR ATTEMPTED MURDER IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. *Page 3 
 {¶ 6} In this assignment of error, appellant contends that theFoster court's severance remedy, as applied to his case, violated due process and ex post facto principles against retroactivity. We disagree. This court has consistently rejected this argument in a number of recent cases. See State v. Hatfield, Franklin App. No. 06AP-1205,2007-Ohio-3735, at ¶ 6 (cases cited therein rejecting argument);State v. Ragland, Franklin App. No. 04AP-829, 2007-Ohio-836, at ¶ 9
(same). Accordingly, appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and TYACK, JJ., concur.
[1] The State dismissed the weapon under disability count. *Page 1