[Cite as *State ex rel. Hatfield v. French*, 2022-Ohio-23.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Todd L. Hatfield, | : | |
| Relator, | : | |
| v. | : | No. 20AP-97 |
| Judge Jenifer French of the Franklin County Common Pleas Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on January 6, 2022

---

*Todd L. Hatfield,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Andrea C. Hofer,* for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Todd L. Hatfield, commenced this original action in mandamus seeking an order compelling respondent, the Honorable Jenifer French, to charge him with a crime pursuant to Crim.R. 3, to have a bloody footprint found at the crime scene on the upper ceiling rail analyzed, to provide him the opening and closing arguments made in his criminal trial, and to provide him with discovery in his criminal case. Respondent has filed a motion for leave to file a motion to dismiss instanter as well as a motion to dismiss for failure to state a claim.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and

conclusions of law, which is appended hereto. The magistrate found that relator had an adequate remedy at law that precluded mandamus relief. Therefore, the magistrate has recommended we grant respondent's motion to dismiss.

{¶ 3} Relator has filed objections to the magistrate's decision. Those objections present three arguments: (1) respondent's motion to dismiss was not properly before the magistrate; (2) relator does not have an adequate remedy at law; and (3) mandamus is the appropriate procedural vehicle because relator only seeks the production of public records—the opening and closing arguments from his criminal trial. As discussed below, relator's arguments are flawed.

{¶ 4} With respect to relator's first argument, we recognize that respondent's motion to dismiss for failure to state a claim was untimely. However, at the same time respondent filed its motion to dismiss, respondent also filed a motion for leave to file the motion to dismiss instanter. Although the record does not indicate that the magistrate expressly ruled on respondent's motion for leave, by recommending that we grant respondent's motion to dismiss, the magistrate implicitly granted the motion for leave to file instanter. *State v. G.F.*, 10th Dist. No. 18AP-201, 2019-Ohio-3673, ¶ 10-11 (trial court implicitly granted state's motion for extension of time to file memorandum contra by considering the state's memorandum contra); *J.M. v. A.M.*, 2d Dist. No. 2015-CA-92, 2016-Ohio-1261, ¶ 7, fn. 1 (although the juvenile court did not issue an express ruling on the motion to amend, it implicitly granted the motion, since it ultimately ruled on the request contained within the motion). After reviewing the motion for leave to file instanter, we agree that respondent demonstrated excusable neglect for its untimely filing. Therefore, respondent's motion to dismiss was properly before the magistrate and we find relator's first argument unpersuasive.

{¶ 5} In his second argument, relator contends that contrary to the magistrate's finding, he does not have an adequate remedy at law. Although relator's complaint seeks a variety of relief associated with his criminal trial, he now argues that he only seeks a transcript of the opening and closing arguments from his trial. Relator acknowledges that he previously appealed the trial court's denial of his request for the opening and closing arguments and that he lost his direct appeal from that ruling. *See State v. Hatfield*, 10th Dist. No. 11AP-1045, 2012-Ohio-3473. Because he lost the appeal, relator argues he does

not have an adequate remedy at law.  However, the right to appeal the denial of his request for the opening and closing arguments from his criminal trial is an adequate remedy at law. The fact that relator's appeal was unsuccessful does not mean he did not have an adequate remedy at law.  *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, ¶ 6 (defendant previously raised claims in unsuccessful direct appeal; mandamus is not a substitute for an unsuccessful appeal); *State ex rel. C.D. v. Belmont Cty. Juvenile Court*, 7th Dist. No. 18 BE 6039, 2019-Ohio-285, ¶ 9 (mandamus is precluded because relator had available an adequate remedy at law by way of appeal which she exercised); *Nemeth v. Nemeth*, 11th Dist. No. 2009-G-2904, 2009-Ohio-3144, ¶ 7 (mandamus is precluded as a means of re-litigating issues that we reviewed in an earlier appeal).  Contrary to relator's assertion, he did not lose this appeal due to a procedural defect.  He lost the appeal on its merits because he had no pending actions relating to his conviction and he did not demonstrate the relevancy of counsel's opening and closing arguments.  *Hatfield* at ¶ 6-7.

{¶ 6} Lastly, relator argues that mandamus is the appropriate procedural vehicle to obtain the opening and closing arguments from his criminal trial because they are public records.  Again, relator's argument is flawed for multiple reasons.  First, nothing in relator's complaint suggests that he sought the production of public records pursuant to R.C. 149.43. Second, because relator is incarcerated pursuant to a criminal conviction, he is not entitled to any public records concerning his prosecution unless "the judge who imposed the sentence or made the adjudication * * * finds that the information sought in the public record is necessary to support what appears to be a justiciable claim."  R.C. 149.43(B)(8). Relator's complaint contains no allegation, and relator makes no assertion, that the trial court judge made such a finding.  In fact, this court previously affirmed the trial court's denial of relator's request for the transcripts of the opening and closing arguments of his trial because "[a]n indigent defendant is not entitled to a copy of the trial transcript when there is no direct or collateral proceedings challenging defendant's convictions pending before a court."  *Hatfield* at ¶ 6, citing *State ex rel. Murr v. Thierry,* 34 Ohio St.3d 45 (1987). We expressly noted that appellant had exhausted his state remedies, his direct appeals and collateral attacks were rejected by this court and by the Supreme Court of Ohio.  *Id.* at ¶ 7.

{¶ 7} For all these reasons, we overrule relator's objections.

{¶ 8}  We also note that on October 21, 2021, relator filed a motion for leave to supplement his pleadings.  We grant that motion.  We considered the arguments contained therein in overruling relator's objections.

{¶ 9}  Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus and grant respondent's motion to dismiss.

*Motion to supplement granted; objections overruled;*
*motion to dismiss granted and writ of mandamus denied.*

BEATTY BLUNT and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under authority of Ohio Constitution, Article IV,
Section 6(C).

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Todd L. Hatfield, | : | |
| Relator, | : | |
| v. | : | No. 20AP-97 |
| Judge Jenifer French of the Franklin County Common Pleas Court et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 26, 2021

*Todd L. Hatfield,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Bryan B. Lee,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Relator, Todd L. Hatfield, has filed this original action seeking a writ of mandamus ordering respondent, the Honorable Jenifer French, to charge him with a crime pursuant to Crim.R. 3, analyze a bloody fingerprint that was found at the crime scene on the upper ceiling rail, provide him the opening and closing arguments of the trial court proceedings, and provide him with discovery, all of which relate to a criminal case in which he was a defendant. Respondent has filed a motion to dismiss relator's complaint for writ of mandamus pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 11} 1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas in Franklin County, Ohio.

{¶ 12} 2. Relator is a prisoner incarcerated at Marion Correctional Institution.

{¶ 13} 3. Respondent presided over relator's criminal case in case Franklin C.P. No. 03CR-905.

{¶ 14} 4. In case No. 03CR-905, relator was convicted, pursuant to a jury trial, on the charges of aggravated murder, tampering with evidence, and gross abuse of a corpse.

{¶ 15} 5. Relator appealed his convictions, and in *State v. Hatfield*, 10th Dist. No. 04AP-402, 2004-Ohio-6450, this court affirmed the trial court's convictions but remanded the case for resentencing.

{¶ 16} 6. Upon remand to the trial court, the trial court resentenced relator.

{¶ 17} 7. Relator appealed the new sentence. In *State v. Hatfield*, 10th Dist. No. 05AP-740 (Apr. 6, 2006) (Judgment Entry), this court reversed the trial court and remanded the matter for resentencing.

{¶ 18} 8. Upon second remand to the trial court, the trial court again resentenced relator.

{¶ 19} 9. Relator appealed the new sentence. In *State v. Hatfield*, 10th Dist. No. 06AP-1205, 2007-Ohio-3735, this court affirmed the trial court's sentence.

{¶ 20} 10. Thereafter, relator filed several post-conviction petitions and appeals.

{¶ 21} 11. In *State v. Hatfield*, 10th Dist. No. 11AP-1045, 2012-Ohio-3473, relator filed an appeal of the trial court's denial of his post-conviction petition requesting the production of transcripts of his opening and closing arguments. This court affirmed the trial court's judgment.

{¶ 22} 12. Relator filed his current complaint in mandamus with this court on February 13, 2020. The complaint alleges that respondent had a duty to charge him with a crime pursuant to Crim.R. 3, analyze a bloody fingerprint that was found at the crime scene on the upper ceiling rail, provide him the opening and closing arguments of the trial court proceedings, and provide him discovery, with regard to his criminal case in case No. 03CR-905.

{¶ 23} 13. On April 12, 2021, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 24} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 25} Civ.R. 12(B) provides, in relevant part, that "[e]very defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted."

{¶ 26} "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

{¶ 27} A court can consider the basic allegations in the complaint itself and any materials attached to the petition but may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206-07 (1997). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996).

{¶ 28} In the present case, respondent argues that relator's motion should be dismissed because relator has an adequate remedy at law. Respondent asserts that relator seeks to relitigate issues regarding his conviction, including issues pertaining to his indictment, discovery, and requests for production of documents relating to his criminal case. Respondent points out that relator timely appealed his conviction, and was resentenced multiple times after successful appeals, finally culminating in an affirmance of his conviction and sentence by this court. Respondent claims that relator is using the instant mandamus action as an alternative to appeal.

{¶ 29} The magistrate agrees with respondent's arguments. Relator had an adequate remedy at law by way of appeal of his original conviction. Relator did, in fact, appeal his original conviction and sentence and was successful in getting the matter remanded due to sentencing errors. Therefore, having previously had the opportunity to appeal the issues he now raises in mandamus, relator had an adequate remedy at law and is precluded from bringing the present action in mandamus based upon the same grounds. *See State ex rel. Person v. McCarty*,      Ohio St.3d    , 2021-Ohio-1207, ¶ 11 (dismissal of mandamus complaint is proper when relator had an adequate remedy to challenge the alleged error in his direct appeal); *State ex rel. Sands v. Culotta*, 158 Ohio St.3d 1, 2019-Ohio-3784, ¶ 10 (mandamus is not available to attack the validity or sufficiency of a charging instrument under Crim.R. 3, and relator had an adequate remedy in the ordinary course of law by appeal to raise this claim); *State ex rel. Kendall v. French*, 10th Dist. No. 18AP-184, 2018-Ohio-3883 (dismissal of mandamus action based upon a violation of Crim.R. 3 warranted because relator had an adequate remedy at law by way of appeal); *Staats v. Ferrero*, 5th Dist. No. 2015CA00173, 2016-Ohio-4789, ¶ 4 (because the proper remedy for raising alleged errors in the discovery process is a direct appeal, mandamus will not lie based upon the availability of an adequate remedy at law); *State v. Lenard*, 8th Dist. No. 94782, 2010-Ohio-2488, ¶ 4 (mandamus does not lie to challenge a judge's order regarding discovery in a criminal case because a direct appeal of the order is an adequate remedy at law); *State ex rel. Palmer v. Reece*, 10th Dist. No. 04AP-193, 2004-Ohio-3975, ¶ 5 (dismissal of mandamus complaint warranted when relator had an adequate remedy at law by way of appeal of the trial court's determination of discovery matters); *State ex rel. Nash v. Villanueva*, 8th Dist. No. 74225 (May 7, 1998) (in a mandamus action, granting respondent judge's motion to dismiss relator's complaint based upon a violation of Crim.R. 3 because relator possessed an adequate remedy at law through a direct appeal).

{¶ 30} Respondent also raises a res judicata argument, asserting that relator already raised his arguments regarding discovery and the transcripts of opening and closing arguments in a post-conviction petition, and this court rejected the arguments in *Hatfield*, 2012-Ohio-3473. However, the Supreme Court of Ohio has held that the dismissal of a mandamus action on grounds of res judicata for failure to state a claim is

error because res judicata is an affirmative defense that may not be raised in a motion to dismiss. *See State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, ¶ 10, citing *State ex rel. Green v. Wetzel*, 158 Ohio St.3d 104, 2019-Ohio-4228, ¶ 6, citing Civ.R. 8(C).

**{¶ 31}** Accordingly, it is the magistrate's decision that, even presuming all factual allegations of the complaint are true and making all reasonable inferences in relator's favor, relator had an adequate remedy at law by way of appeal of his original conviction and sentencing. Therefore, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).