[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hatfield v. Miller*, Slip Opinion No. 2023-Ohio-429.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-429

THE STATE EX REL. HATFIELD, APPELLANT, *v.* MILLER, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hatfield v. Miller*, Slip Opinion No. 2023-Ohio-429.]

*Civil law—Civ.R. 60(B)(5)—Alleged errors in court of appeals' reasoning in dismissal of mandamus complaint and order striking subsequent Civ.R. 60(B)(5) motion should have been raised in timely appeal of court's decision—Litigant cannot use Civ.R. 60(B) motion for relief from judgment as substitute for timely appeal—Court of appeals' judgment affirmed.*

(No. 2022-0561—Submitted January 10, 2023—Decided February 16, 2023.)

APPEAL from the Court of Appeals for Franklin County, No. 20AP-97.

_____

**Per Curiam.**

{¶ 1} The Tenth District Court of Appeals dismissed appellant Todd L. Hatfield's complaint for a writ of mandamus. Instead of appealing the court of appeals' decision, Hatfield filed three motions for relief from judgment under

Civ.R. 60(B)(5). Hatfield appeals the court of appeals' denial of the last of those motions. We affirm, but we do so for different reasons than the court of appeals gave.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Hatfield was convicted in 2003 of aggravated murder, gross abuse of a corpse, and tampering with evidence, and he was sentenced to an aggregate term of 24 years and 11 months to life imprisonment. *See State v. Hatfield*, 10th Dist. Franklin No. 06AP-1205, 2007-Ohio-3735, ¶ 2. Hatfield's convictions were affirmed on appeal. *Id*. at ¶ 3, 11.

{¶ 3} In February 2020, Hatfield filed an original action in the court of appeals, seeking a writ of mandamus ordering Franklin County Court of Common Pleas Judge Jenifer French to (1) properly charge him with a crime pursuant to Crim.R. 3, (2) require the state to analyze bloody-fingerprint evidence, (3) provide him with a copy of the opening statements and closing arguments from his trial, and (4) order the state to provide him with discovery related to his criminal case.[1]

{¶ 4} Judge French filed a motion to dismiss Hatfield's petition under Civ.R. 12(B)(6), which Hatfield opposed. The case was assigned to a magistrate, who recommended dismissal of the action because Hatfield had an adequate remedy in the ordinary course of the law—namely, an appeal from his criminal conviction—to raise the issues asserted in the mandamus complaint. *See State ex rel. Hatfield v. French*, 10th Dist. Franklin No. 20AP-97, 2022-Ohio-23, ¶ 30. Hatfield filed objections to the magistrate's decision and a motion to supplement his complaint under Civ.R. 15(E). On January 6, 2022, the court of appeals granted

---

1. When Hatfield filed his mandamus action, Judge French was the trial judge assigned to his criminal case. During the pendency of the proceedings in the court of appeals, Judge French was replaced on the Franklin County Court of Common Pleas by Judge Andy Miller. We hereby substitute Judge Miller as the appellee. *See* S.Ct.Prac.R. 4.06(B).

the motion to supplement, overruled Hatfield's objections, granted the motion to dismiss, and denied the writ. *See id.* at ¶ 7-9.

{¶ 5} Hatfield did not appeal the court of appeals' dismissal of his complaint. Rather, on February 7, he filed a "Motion for the Trial Court, to Withdraw Its Order/Decision, of January 6/2022, Pursuant to Civ.R. 60(B)(5)" (the "first motion"). The court of appeals sua sponte struck this motion from the record, stating that it was "not a proper pleading in this closed original action." Hatfield then filed a second Civ.R. 60(B) motion on March 16, this one styled as a "Motion to Relieve the Relator from the Trial Court[']s Judgement of January 6/2022, Pursuant to Civ.R. 60(B)(5)" (the "second motion"). The court of appeals also struck this motion as procedurally improper.

{¶ 6} On April 5, Hatfield filed yet a third motion for relief from judgment under Civ.R. 60(B)(5) (the "third motion"), this time seeking relief from the court of appeals' order striking his second motion from the record. The court of appeals denied the third motion on April 11. In its order, the court of appeals purported to clarify why it had previously declined to consider Hatfield's original request[2] for Civ.R. 60(B) relief:

> In his renewed motion, relator asserts that this court incorrectly struck his first motion for relief from judgment because Civ.R. 60(B) relief is, in fact, available when this court issues a judgment sitting as the trial court. Appellant is, of course, correct. However, relator's argument reflects a misunderstanding of why the court struck relator's first motion for relief from judgment.

---

2. The court of appeals referred to Hatfield's April 5 motion as his "second motion" seeking relief from the January 6 decision and his February 7 motion as the "first motion." The April 5 motion, however, was Hatfield's *third* motion for relief under Civ.R. 60(B), as he had filed his second motion on March 16. Hatfield's first and second motions both sought relief, under Civ.R. 60(B)(5), from the court of appeals' January 6 decision.

Relator's first motion was ordered stricken, not because filing a motion pursuant to Civ.R. 60(B) was itself improper, but because the motion failed to assert grounds for relief proper under Civ.R. 60(B). Specifically, relator's motion did not raise mistake, inadvertence, surprise, neglect, newly discovered evidence, fraud, satisfaction of judgment, or other reason justifying relief from judgment. Instead, the arguments contained in relator's first motion take issue with this court's reasoning and suggest that the court misunderstood several of relator's arguments. Arguments of this sort are not properly raised in a Civ.[R.] 60(B) motion, but lend themselves to a motion for reconsideration. Unfortunately, reconsideration is not available in an original action governed by the Ohio Rules of Civil Procedure.

{¶ 7} Hatfield filed a "Motion for Clarification" of the court's order. The court of appeals struck Hatfield's motion sua sponte as an improper filing. Hatfield then commenced this appeal from the court of appeals' April 11 order.

## II. ANALYSIS

{¶ 8} This court reviews a decision denying a Civ.R. 60(B) motion for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988); *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). To prevail, Hatfield was required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Strack* at 174, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Hatfield brought his motion under Civ.R. 60(B)(5), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final

judgment, order or proceeding for * * * any other reason justifying relief from the judgment."

{¶ 9} As outlined above, in the three months following the court of appeals' decision dismissing his mandamus complaint, Hatfield filed three motions for relief under Civ.R. 60(B)(5). This appeal is from the court of appeals' denial of his third motion, in which Hatfield sought relief under Civ.R. 60(B)(5) from the court of appeals' "judgment" striking his second motion. Hatfield's second motion, like the first motion that was also stricken, sought relief from the court of appeals' January 6 decision under Civ.R. 60(B)(5). In his third motion, Hatfield argued that the court of appeals erred in striking the second motion as an improper filing because a motion for relief filed under Civ.R. 60(B) is proper in connection with an original action filed in a court of appeals.

{¶ 10} The court of appeals denied Hatfield's third motion, explaining that it struck his first Civ.R. 60(B) motion not because it was procedurally improper but, rather, "because the motion failed to assert grounds for relief proper under Civ.R 60(B)." This reasoning is dubious: if the first (or second) motion failed to assert proper grounds for relief under Civ.R. 60(B), the court of appeals should have *denied* it. But instead of denying the motions, the court of appeals sua sponte ordered them *stricken* as being "not a proper pleading in this closed original action."

{¶ 11} Though the court of appeals' reasoning appears questionable, its orders denying Hatfield's Civ.R. 60(B)(5) motions were still correct. *See State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222, 631 N.E.2d 150 (1994) (appellate court will not reverse a correct judgment that was based on erroneous reasons). Hatfield argued in his first and second motions for Civ.R. 60(B)(5) relief that the court of appeals erred in dismissing his mandamus action. And in his third motion, Hatfield argued that the court of appeals erred in striking his second motion for relief from judgment as procedurally improper. But none of these motions asserts a proper basis for Civ.R. 60(B)(5) relief.

**{¶ 12}** Civ.R. 60(B)(5) "is only to be used in an extraordinary and unusual case when the interests of justice warrant[] it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). This case does not fit that description, as Hatfield's only grounds for relief were alleged errors in the court of appeals' reasoning in dismissing his mandamus complaint and its order striking his second Civ.R. 60(B)(5) motion. Hatfield should have raised his claims of error in a timely appeal from the court of appeals' decision, not in a Civ.R. 60(B) motion. A litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 9; *see also Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15 (Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision"). Accordingly, even though the court of appeals erred in its reasons for denying Hatfield's third motion, the denial of the motion was correct.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––––

Todd L. Hatfield, pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Andrea C. Hofer, Assistant Prosecuting Attorney, for appellee.

––––––––––––––––––