[Cite as *Estate of Jones v. State*, 2023-Ohio-3234.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| ESTATE OF DEWEY A. JONES, III/ EXECUTOR LYNN CLARK | | C.A. No. 30208 30209 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STATE OF OHIO | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV-2020-01-0357 |

DECISION AND JOURNAL ENTRY

Dated: September 13, 2023

HENSAL, Judge.

{¶1} The Estate of Dewey Jones appeals a judgment entry of the Summit County Court of Common Pleas that granted the State of Ohio's motion to vacate and a judgment entry that denied its motion to enforce settlement. For the following reasons, this Court reverses the granting of the motion to vacate in Case No. 30208 but affirms the denial of the motion to enforce settlement in Case No. 30209.

I.

{¶2} In 2020, Mr. Jones filed an action against the State, seeking to be declared a wrongfully imprisoned individual. In January 2021, he reached a settlement with the State. The parties informed the court, which ordered the matter to be marked settled and dismissed and indicated that, if the parties did not journalize and file a final entry within 30 days that the order would be the final order. Before the parties finished preparing an entry, Mr. Jones died. The State nevertheless approved and jointly submitted a final judgment entry, which the trial court entered

as a judgment of the court. The judgment declared Mr. Jones to have been a wrongfully imprisoned individual and indicated that he would be entitled to commence a civil action against the State in the Court of Claims.

{¶3} Six months later, the State moved to vacate the judgment under Civil Rule 60(B)(4) and (5). It argued that the judgment the court entered was void, that Mr. Jones's wrongful imprisonment claim abated upon his death, that the claim was not saved under Revised Code Section 2305.21, and that Mr. Jones was the only real party in interest, so his estate lacked standing to continue the lawsuit. The Estate opposed the motion and filed a motion to enforce settlement and order payment. The trial court granted the motion to vacate, concluding Mr. Jones's claim abated upon his death and should have been dismissed at that time. It subsequently denied the Estate's motion to enforce settlement, concluding there was nothing to enforce. The Estate has appealed, assigning two errors that it has argued together, contrary to Appellate Rules 12(A)(2) and 16(A)(7). This Court, nevertheless, will exercise its discretion to consider the combined arguments. *See State v. Torrence*, 9th Dist. Summit No. 30099, 2022-Ohio-3024, ¶ 13.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT UNLAWFULLY VACATED THE DECLARATION OF INNOCENCE BECAUSE: (1) THE OHIO SUPREME COURT HAS REJECTED THE USE OF RULE 60(B) TO UNDO BINDING SETTLEMENT CONTRACTS UNDER THE INSTANT CIRCUMSTANCES; AND (2) THE PREMISE OF THE VACATURE IS FLAWED AS A MATTER OF LAW AND FACT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT SHOULD HAVE ENFORCED THE SETTLEMENT CONTRACT AGAINST THE STATE OF OHIO BECAUSE: (1) THE STATE AND JONES ENTERED A BINDING AND ENFORCEABLE SETTLEMENT CONTRACT WHILE JONES WAS STILL ALIVE; (2) THE STATE AGREED TO ENFORCE THE SETTLEMENT CONTRACT WITH KNOWLEDGE OF AND DESPITE JONES' DEATH; AND (3) THE COURT PARTIALLY

ENFORCED THE CONTRACT BY ISSUING THE DECLARATION OF INNOCENCE, WHICH THE STATE ALLOWED TO STAND FOR SIX MONTHS PRIOR TO CHALLENGING.

{¶4} In its first assignment of error, the Estate argues that the trial court wrongfully invoked Rule 60(B)(5) to vacate its judgment, which had been jointly drafted by the parties. The Estate argues that the agreement was approved and signed by the Ohio Attorney General's office, was served on the Attorney General himself, and contained a term expressly allowing Mr. Jones to commence a civil action in the Court of Claims. According to the Estate, the State knew all the circumstances, did not appeal, and merely used Rule 60(B) as an attempt to back out of its agreement.

{¶5} The trial court granted the motion to vacate "pursuant to Civ. R. 60(B)(5)[.]" That rule provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any other reason justifying relief from the judgment." Civ.R. 60(B)(5); *see Thornton v. Borstein*, 9th Dist. Summit No. 29669, 2021-Ohio-2231, ¶ 24 (explaining that Rule 60(B)(5) is a catch-all provision). The rule also provides that the "motion shall be made within a reasonable time[.]" Civ.R. 60(B). The Ohio Supreme Court has recognized that "Civ.R. 60(B)(5) 'is only to be used in an extraordinary and unusual case when the interests of justice warrant[ ] it.'" (Alteration in original) *State ex rel. Hatfield v. Miller*, __ Ohio St.3d __, 2023-Ohio-429, ¶ 12, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist.1974). "A litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *Id.* "This Court reviews a trial court's decision to grant * * * a motion for relief from judgment under Civil Rule 60(B) for an abuse of discretion." *Thornton* at ¶ 23.

**{¶6}** "The General Assembly has developed a two-step process to compensate those who have been wrongfully imprisoned. The first step is an action in the common pleas court seeking a preliminary factual determination of wrongful imprisonment; the second step is an action in the Court of Claims to recover money damages." *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10; R.C. 2743.48. The final judgment entry completed the first step.

**{¶7}** The trial court granted the motion to vacate because it determined that Mr. Jones's claim had abated upon his death. Under Section 2311.21, however, "no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." Compare R.C. 2305.21 (indicating which actions "may be brought notwithstanding the death of the person entitled or liable thereto."); *Murray v. State*, 8th Dist. Cuyahoga No. 78374, 2002 WL 337732, *3 (Feb. 21, 2002) (concluding estate of Sam Shepard could not seek determination that he had been a wrongfully imprisoned individual 25 years after his death).

**{¶8}** Notwithstanding the express language of Section 2311.21, the Ohio Supreme Court has determined that some other claims also abate upon the death of a party. For example, divorce actions and aspects of workers' compensation claims abate upon a party's death. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 99 (1996); *State ex rel. Navistar, Inc. v. Indus. Comm. of Ohio*, 160 Ohio St.3d 7, 2020-Ohio-712, ¶ 9, citing Ohio Adm.Code 4123-5-21.

**{¶9}** A wrongful imprisonment action under Section 2743.48 is not included in Section 2311.21 as a proceeding that abates upon the death of the claimant. The State also did not identify any authority of the Ohio Supreme Court recognizing an exception to Section 2311.21 for wrongful imprisonment claims. Furthermore, if a court announces its decision before the death of a party,

the action "does not automatically abate" if a death occurs before the court has entered its written judgment. *Brooks v. Brooks*, 6th Dist. Lucas No. L-02-1286, 2003-Ohio-5177, ¶ 12. In that situation, the court has discretion to either dismiss the action or enter a judgment nunc pro tunc dated back to the date of the announced decision. *Id*.; *Caprita v. Caprita*, 145 Ohio St. 5, 7-11 (1945) (detailing the history of the rule's application in Ohio).

{¶10} Having been advised of the parties' settlement, the trial court ordered Mr. Jones's wrongful imprisonment action to be marked settled and dismissed with the costs divided between the parties. The order also provided that, if the parties did not file a final entry within a certain period, that order would serve as the final order in the case. The parties subsequently prepared a judgment entry for the court and submitted it with knowledge of Mr. Jones's passing in the interim. Accordingly, even if the Ohio Supreme Court were to conclude that a claim for wrongful imprisonment abates upon the death of the claimant, the trial court retained the authority to enter a judgment that reflected the parties' settlement. *See id*. The fact that the court did not enter the judgment nunc pro tunc was, at worst, reversible error that the State could have raised in a direct appeal.

{¶11} As previously noted, "[a] litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *Miller*, __ Ohio St.3d __, 2023-Ohio-429, ¶ 12. Upon review of the record, we conclude that this is not the "extraordinary and unusual case" that fits the description of a circumstance warranting relief from judgment under Rule 60(B)(5). *Id*., quoting *Adomeit*, 39 Ohio App.2d at 105. The trial court, therefore, exercised improper discretion when it granted the motion to vacate.

{¶12} The State argues that, even though the trial court granted its motion to vacate under Rule 60(B)(5), it did not have to satisfy the requirements of the rule because the final judgment

was void. According to the State, when Mr. Jones's claim abated at his death, the trial court lost jurisdiction to enter a judgment in the case. The Ohio Supreme Court has determined, however, that issues such as standing and abatement do not affect a court's subject matter jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998) (declining to "elevate the defenses of the statute of limitations, standing, and abatement to the level of jurisdictional defects."). The Estate's first assignment of error is sustained.

{¶13} In its second assignment of error, the Estate argues that the trial court incorrectly denied its motion to enforce settlement. Under Section 2743.48, however, "[a]ll wrongful-imprisonment claimants must follow a two-step process." *Griffith v. City of Cleveland*, 128 Ohio St.3d 35, 2010-Ohio-4905, paragraph two of the syllabus. Mr. Jones completed the first step by securing a determination in the court of common pleas that he "is a wrongfully imprisoned individual entitled to compensation[.]" *Id*. "In the second step, the claimant must file a civil action against the state, in the Court of Claims, to recover a sum of money." *Id*. The trial court had no authority to order the State to pay the amount of the settlement.

{¶14} Upon review of the record, we conclude that, although the trial court incorrectly determined that the motion to enforce settlement agreement should be denied because there was no agreement to enforce, it did not commit reversible error when it denied the motion because the Estate's recourse lies in filing a civil action in the Court of Claims. *See Miller*, __ Ohio St.3d __, 2023-Ohio-429 at ¶ 11-12 (explaining that a lower court's decision may be correct even if its reasoning was not). The Estate's second assignment of error is overruled.

III.

{¶15} The Estate's first assignment of error is sustained. Its second assignment of error is overruled. The judgment entry of the Summit County Court of Common Pleas granting the

State's motion to vacate is reversed but its judgment entry denying the Estate's motion to enforce settlement is affirmed.

Judgment in Case No. 30208 is reversed,
and judgment in Case No. 30209 is affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

In Case No. 30208, costs taxed to Appellee. In Case No. 30209, costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

FLAGG LANZINGER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶16} I do not believe the trial court erred when it vacated its March 26, 2021 judgment. entry and refused to enforce that judgment. I would conclude that Mr. Dewey's claim, and hence his Estate's claim, abated upon his death. Accordingly, I would affirm the trial court's judgment in Case No. 30208. I also would affirm the trial court's judgment in Case No. 30209. The issue of whether the Estate and the State reached an enforceable settlement was one properly presented to the Court of Claims, not the Court of Common Pleas. Because I agree with the majority's decision to affirm in Case No. 30209 (albeit for different reasons) but disagree with its decision to reverse in Case No. 30208, I concur in part, and dissent in part.

{¶17} R.C. 2305.21 governs the survival of actions while R.C. 2311.21 governs their abatement. R.C. 2305.21 provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.

R.C. 2311.21 provides:

> Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party.

When analyzing whether an action has abated, a court "is not limited to R.C. 2311.21, but also must include R.C. 2305.21." *Witcher v. Fairlawn*, 113 Ohio App.3d 214, 217 (9th Dist.1996). *See also State ex rel. Crow v. Weygandt*, 170 Ohio St. 81, 84 (1959).

{¶18} A wrongful imprisonment action is a special proceeding. *McClain v. State*, Slip Opinion No. 2022-Ohio-4722, ¶ 16. It is a specifically tailored legislative construct that waives "the immunity from civil liability that is normally retained by the state." *Bundy v. State*, 143 Ohio

St.3d 237, 2015-Ohio-2138, ¶ 17. The action did not exist at common law. *McClain* at ¶ 16. Accordingly, it is not a "cause[] of action which survive[d] at common law" under R.C. 2305.21. Nor does it result in "injuries to the person" within the meaning of that statute. *Murray v. State*, 8th Dist. Cuyahoga No. 78374, 2002 WL 337732, *3 (Feb. 21, 2002), quoting R.C. 2305.21. In the context of R.C. 2305.21, "injuries to the person" means physical injuries rather than injuries to one's personal rights. *Witcher* at 217. A claim of wrongful imprisonment only alleges a violation of one's personal rights. *Murray* at *3.

{¶19} While R.C. 2311.21 does not expressly include wrongful imprisonment as a cause of action that abates upon one's death, "additional exceptions not stated in [that] statute also apply to abate an action." *Jones v. Jones*, 11th Dist. Geauga No. 2022-G-0032, 2023-Ohio-989, ¶ 14. For example, courts have recognized that divorce actions, certain worker's compensation actions, and actions for false imprisonment may abate upon the death of a party. *See State ex rel. Hamlin v. Indus. Comm.*, 68 Ohio St.3d 21, 22 (1993) (workers' compensation); *Estate of Reed v. Reed*, 9th Dist. Medina Nos. 16CA0063-M, 16CA0068-M & 16CA0069-M, 2017-Ohio-8350, ¶ 5 (divorce); *Witcher* at 217-219 (false imprisonment). I agree with the trial court that, as a matter of law, Mr. Jones' cause of action for wrongful imprisonment abated upon his passing. Only Mr. Jones could maintain a cause of action for an alleged violation of his own personal rights. *See Murray* at *3; R.C. 2743.48 (creating cause of action for a "wrongfully imprisoned individual" as defined by that statute). His estate could not pursue a claim on his behalf. *See Murray* at *3.

{¶20} While Civ.R. 60(B) cannot be used as a substitute for a direct appeal, I do not agree that law is applicable in this matter. Mr. Jones' death was not a matter of record in the trial court such that the State could appeal that issue without resorting to evidence outside the record. *See In re S.L.M.*, 9th Dist. Summit No. 29482, 2019-Ohio-5403, ¶ 15. I would conclude that the State

properly obtained relief from judgment pursuant to Civ.R. 60(B)(5). *See, e.g.*, *Walls v. Proctor*, 8th Dist. Cuyahoga No. 53212, 1987 WL 10594 (Apr. 30, 1987). As such, I would affirm the judgment of the trial court in Case No. 30208.

**{¶21}** Regarding the Estate's motion to enforce settlement, I would conclude that the Court of Common Pleas lacked jurisdiction to determine that issue. "[C]ivil claims against the state fall within the exclusive, original jurisdiction of the Court of Claims." *Cristino v. Ohio Bur. of Workers' Comp.*, 118 Ohio St.3d 151, 2008-Ohio-2013, ¶ 1, citing R.C. 2743.03(A)(1) and (A)(2). The Estate alleged that the parties had reached a full settlement, including the amount to be paid by the State under the settlement. A full settlement would obviate the need for a court declaration finding Mr. Dewey to be a wrongfully imprisoned individual. However, only the Court of Claims could decide whether the parties had an enforceable settlement agreement. The trial court did not have jurisdiction to rule on that issue. For that reason, I would conclude that the trial court properly denied the Estate's motion to enforce. As such, I also would affirm the judgment of the trial court in Case No. 30209.

APPEARANCES:

MICHELE L. BERRY, Attorney at Law, for Appellant.

DAVE YOST, Attorney General, and D. CHADD MCKITRICK, Senior Assistant Attorney General, for Appellee.