[Cite as *Andwan v. Eichert*, 2024-Ohio-267.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA A. ANDWAN, | : | APPEAL NO. C-220542 |
| | | TRIAL NO. A-1805111 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| DEBORAH M. EICHERT, | : | |
| and | : | |
| DAVID A. EICHERT, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: January 26, 2024

*Patricia A. Andwan*, pro se,

*Cooper Elliott* and *Jeffrey T. Kenney*, for Defendants-Appellees.

**ZAYAS, Judge.**

{¶1}     This pro se appeal concerns the denial of a Civ.R. 60(B) motion for relief from a judgment concerning the property rights of four connected condominiums and a right of way over one property to get to another for certain purposes under a general warranty deed.   Plaintiff-appellant Patricia Andwan appeals the judgment of the Hamilton County Court of Common Pleas denying her Civ.R. 60(B) motion for relief from the trial court's May 26, 2021 judgment, which—in relevant part—found that defendants-appellees Deborah and David Eichert ("the Eicherts") held a right-of-way over Ms. Andwan's property and ordered Ms. Andwan to install gates to allow the Eicherts access across her property.   For the reasons that follow, we affirm the judgment of the trial court.

## I. Factual and Procedural Background

{¶2}     The instant dispute between neighbors began when Ms. Andwan filed claims against the Eicherts relating to trespass, vandalism, and damage to property. In response, the Eicherts requested a declaratory judgment as to the rights, responsibilities, and obligations of the parties under the general warranty deed for their condominiums ("the deed") and asserted a counterclaim against Ms. Andwan for breach of the deed.   A two-day trial was held, and the trial court ultimately entered final judgment in favor of the Eicherts on May 26, 2021.   In relevant part, the trial court found that Ms. Andwan had breached paragraph 20 of the deed[1] by erecting a fence between her and the Eicherts' property as the fence eliminated the Eicherts' continuing right-of-way and easement to cross her property.   Therefore, the trial court

---

[1] Paragraph 20 of the deed provides, "The Owners of Units 28 and 30 shall have a continuing right of way and easement across the yards of 26 and 32 for the purpose of trash and leaf removal, and for the purpose of performing exterior maintenance and repairs to the building and yard."

ordered Ms. Eichert to erect two gates on her property to allow the Eicherts access across her property.

{¶3} Several months later, in October 2021, the Eicherts filed a motion to enforce the trial court's May 26 judgment, asserting that no appeal had been filed and Ms. Andwan had yet to install any gates or allow them access. In response, the trial court entered a show-cause order requiring Ms. Andwan to appear for a hearing and show cause as to why she should not be held in contempt for her failure to comply with the court's order. The trial court held a show-cause hearing and ultimately ordered Ms. Andwan, in February 2022, to comply with the court's May 26 judgment within one month.

{¶4} Litigation regarding Ms. Andwan's compliance with the court's May 26 judgment continued for several months thereafter. Ultimately, in May 2022, the trial court held a contempt hearing. At the conclusion of the contempt hearing, the trial court orally found Ms. Andwan in contempt and sentenced her to 30 days in jail. However, the court put the sentence "on hold" and gave Ms. Andwan one final chance to comply with the court's judgment. Significantly, the trial court never journalized any of its oral findings at the contempt hearing.

{¶5} In August 2022, Ms. Andwan filed a "Motion for Rule 60 Reconsideration of Process and Indigency." The motion asserted several ways the trial court allegedly erred during the May 2021 trial and when entering the May 26 final judgment. The motion also challenged a judgment from the trial court, entered on July 18, 2022, finding that Ms. Andwan was not indigent.

{¶6} After responsive briefing, the trial court ultimately denied Ms. Andwan's motion after construing the motion to be a Civ.R. 60(B) motion for relief from judgment and finding that the arguments challenging the court's May 26

3

judgment were not made within a reasonable time—as the motion was filed 445 days after the judgment was entered—and the arguments disputing the court's indigency finding were without merit.

{¶7}    Ms. Andwan now appeals.[2]

## II. Law and Analysis

{¶8}    Appellate courts review the denial of a Civ.R 60(B) motion for an abuse of discretion. *See, e.g., State ex rel. Hatfield v. Miller*, 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988), and *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a

---

[2] We note that all of Ms. Andwan's arguments to this court pertain to the trial court's May 26 judgment. Ms. Andwan has not presented any arguments challenging the trial court's denial of her motion in relation to the indigency finding.

4

reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} To prevail on a motion under Civ.R. 60(B), the movant is required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. *Hatfield* at ¶ 8. Whether a Civ.R. 60(B) motion is timely depends on the facts and circumstances of each case. *Trustar Funding, L.L.C. v. Harper*, 8th Dist. Cuyahoga No. 105837, 2018-Ohio-495, ¶ 10. Courts have found as little as several month delays—without justification—to be unreasonable under Civ.R. 60(B). *See id.* at ¶ 10-11.

{¶10} In six assignments of error, Ms. Andwan alleges various ways in which the trial court purportedly erred during the May 2021 trial and upon entry of final judgment after the trial. However, all of the arguments presented are arguments that should have been raised on direct appeal but were not as Ms. Andwan never appealed the trial court's May 26 final judgment.

{¶11} "A litigant cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal." *Hatfield*, 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, at ¶ 12, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 9. "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata." (Citation omitted.) *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 24 N.E.3d 1040, ¶ 15. "[T]he rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." (Citation omitted.) *Id.*

{¶12} Although the trial court's entry denying Ms. Andwan's Civ.R. 60(B) motion was the order appealed from in this case, Ms. Andwan has not presented any

arguments to this court as to why the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment. Most notably, Ms. Andwan has not presented—either here or in the trial court—any argument pertaining to any specific provision of Civ.R. 60(B)(1) through (5) that would entitle her to relief from the trial court's judgment, or asserted any argument that this court could interpret as entitling her to relief under the rule. *See Armstrong v. U.S. Bank Natl. Assn.*, 1st Dist. Hamilton No. C-220384, 2023-Ohio-1203, ¶ 14 ("[T]he movant must demonstrate that he [or she] is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).").

{¶13} We also note that Ms. Andwan did not file her motion until well over a year after the trial court's entry of judgment and after extensive litigation in the interim regarding her failure to comply with the final judgment. Ms. Andwan has not asserted any rationale to this court for her delay in filing the motion that would allow this court to determine the trial court's finding of unreasonable delay was an abuse of discretion.

{¶14} Accordingly, we overrule the assignments of error as all of Ms. Andwan's asserted arguments are arguments that should have been raised on direct appeal but were not, and Ms. Andwan has failed to present any meritorious arguments to this court as to why the trial court abused its discretion in denying her Civ.R. 60(B) motion for relief from the May 26 judgment.

{¶15} We note that, at oral argument, Ms. Andwan focused her arguments on the trial court's oral pronouncement finding her in contempt at the hearing held in May 2022. However, a review of the record reveals the trial court has yet to journalize a judgment on this issue, and the issue has been held in abeyance pending resolution of the instant appeal. Therefore, no final order exists on this issue, and we are without jurisdiction to address the contempt issue at this time. *See, e.g., City of Cleveland v.*

6

*Trzebuckowski*, 85 Ohio St.3d 524, 709 N.E.2d 1148 (1999), citing Civ.R. 58(A) and Crim.R. 32(C) ("[A] conclusion or statement of judgment must be journalized formally to become a final appealable order."); *Wilkshire Communications, Inc. v. Hollinger-Yohe*, 5th Dist. Tuscarawas No. 2014 AP 06 0024, 2015-Ohio-2371, ¶ 12 ("It is well-settled that a court of record speaks only through its journal entries. * * * As the trial court failed to journalize its judgment * * *, no final, appealable order exists." (Citations omitted.)).

### III. Conclusion

**{¶16}**   Having overruled the assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry this date.